Joan NICHOLS, Administratrix of the Estate of Raymond L. Nichols, Deceased, Plaintiff-Appellee,

v.

Herbert A. MARSHALL, Administrator of the Estate of Frank W. Frombaugh, Deceased, Defendant-Appellant.

Joan NICHOLS, Plaintiff-Appellee,

v.

Herbert A. MARSHALL, Administrator of the Estate of Frank W. Frombaugh, Deceased, Defendant-Appellant.

Nos. 73–1215, 73–1216.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 11, 1973.

Decided Nov. 5, 1973.

**792**

Frank Saunders, Jr., Overland Park, Kan., for defendant-appellant.

John E. Shamberg, Kansas City, Kan. (Charles S. Schnider and Lynn R. Johnson, Kansas City, Kan., on the brief), for plaintiff-appellee.

Before CLARK,* Associate Justice, LEWIS, Chief Judge, and HILL, Circuit Judge.

HILL, Circuit Judge.

This appeal results from two jury verdicts returned in a diversity action in the United States District Court for Kansas. Three tort actions, each arising as a result of an automobile accident in 1969, were consolidated for trial on the issue of damages only. After the jury returned sizable verdicts on the claims, judgment was entered and defendant now appeals. After reviewing the various claims of error presented by the appellant in these two appeals, we affirm.

The evidence concerning the accident was undisputed. The appellees' automobile was proceeding eastward on the Kansas Turnpike, a four-lane controlled access highway, when it was struck headon by an automobile driven by Frank W. Frombaugh, who was also killed in the accident. As Frombaugh was traveling the wrong direction in the one-way lanes of the highway reserved for eastbound traffic, liability was admitted before trial. As a result of this collision, the passengers in the appellees' automobile were seriously injured. Involved in the trial were the claims for the personal injuries of Joan Nichols, the personal injuries of Raymond Nichols, and the wrongful death of Raymond Nichols, the driver of the automobile. After a thorough trial on the sole issue of damages, the jury returned verdicts of $154,375.15 for bodily injury to Joan Nichols, $78,095.20 for bodily injury to Raymond Nichols, and $37,550.42 for the wrongful death of Raymond Nichols. In a separate appeal, appellant has challenged the verdict in the wrongful death action, and in these appeals has attacked only the jury awards for the bodily injury to Joan Nichols and Raymond Nichols. Appellant makes two claims: (1) error on the part of the trial judge, and (2) that the verdicts are excessive and clearly the result of passion and prejudice on the part of the jury.

Appellant first contends, as to the verdict for the personal injuries to Raymond Nichols, that there was no evidence that he endured any conscious pain or suffering and therefore the jury's verdict could not have exceeded $3,095.20, the admitted medical expenses incurred before his death. This claim for damages was presented under K.S.A. 60–1801 which commands that, among others, claims for injury to the person shall survive and become an asset of a decedent's estate. In Kansas such claims are identical to those that would exist if the deceased injured party had

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

survived his injuries. Such claims include pain and suffering, and appellant contends that the $75,000 above medical expenses awarded in this case cannot stand as no evidence of conscious pain and suffering was presented. We disagree.

There is no question that pain and suffering must be realized by the injured party before it is compensable, and such an issue of fact was clearly one for the jury in this case. Appellant wishes us to hold that any lay testimony concerning indication of consciousness is incompetent. However, in this case, as Nichols survived nine days before his death and as the medical testimony was less than positive as to his condition during that period, such lay testimony was clearly competent to aid the jury in fulfilling their duty to determine if Nichols was conscious of his pain, suffering and injuries before his death. The important lay testimony in this case included those witnesses who observed Nichols before he arrived at the hospital for medical treatment. The first was a witness who arrived at the scene and observed Nichols before he was removed from the automobile. The second witness was the ambulance attendant who accompanied Nichols to the hospital. Both testified as to his bodily action and as to the sounds he was making. Medical testimony was not available to indicate the condition of Nichols at these times. The jury's only real view of these important minutes necessarily came from lay witnesses. Such witnesses are competent to report what they observed without offering medical opinions as to the consciousness of the deceased. Later at the hospital, a friend of the deceased asked him to wiggle his toe if he could hear him, and he testified that Nichols did wiggle his toe at that time. This testimony of lay witnesses in conjunction with medical testimony that the doctors could not be certain as to his condition the entire time of his treatment in the hospital clearly justifies the result reached by the jury in regard to this challenged verdict. As we have stated previously, to justify setting aside a verdict of a jury, the evidence must be all one way from which only one reasonable inference can be drawn.[1] Such is not the case here.

Additionally, appellant asserts that the instructions to the jury did not clearly inform them that they must find conscious pain and suffering. This argument is based upon a single word in that instruction. In pertinent part the instructions listed the following as elements of personal injury: pain, suffering, disabilities, disfigurement, and any accompanying mental anguish sustained by Raymond L. Nichols until his death. Appellant contends that the use of the word "sustained" renders this instruction error. It appears very clearly that pain and suffering are conscious experiences and do not exist in an unconscious state. A jury need not be specifically instructed that such elements must be consciously perceived. Such an instruction would merely reinforce knowledge common to all. It is true this language in the instructions is not as precise as it could be ideally, but it does not amount to error and does not demand reversal.

As to the verdict in the suit for personal injuries suffered by Mrs. Nichols, appellant claims that he should have been allowed to introduce evidence to the effect that Mrs. Nichols had remarried prior to the trial of the case. In an early pre-trial motion, appellant requested that these three cases be consolidated. After that consolidation was granted, appellees requested a restrictive order in the wrongful death case to prevent any mention of remarriage during the trial. This order was granted and

---

1. Champion Home Builders v. Shumate, 388 F.2d 802 (10th Cir. 1967) ; United States v. Hess, 341 F.2d 444 (10th Cir. 1965) ; United States v. Fenix and Scisson, Inc., 360 F. 2d 260 (10th Cir. 1966).

subsequently reaffirmed during the trial. It had the effect of preventing any mention of remarriage in all three cases. We hold that the order was not error under the facts and circumstances of these two cases. It appears that the accident occurred in August, 1969, and the trial was not commenced· until September, 1972. Mrs. Nichols had remarried in June, 1972. This evidence was completely irrelevant to the two actions here considered.

■ Also in regard to this order, appellant asserts he was denied any opportunity to question the potential jurors as to their acquaintance with Mrs. Nichols' new husband. This he claims was error which merits a new trial of the case. We believe it is sufficient to indicate that counsel would be very unimaginative if, as he claims, he could not adequately question the jurors without disclosing that Mrs. Nichols had remarried. Any questions that this order would prohibit could only be designed to inform rather than inquire of the jurors. The defendant's right to voir dire was not prejudiced by this order.

■ Additionally, in both cases here appealed appellant urges that the jury should have been instructed as to the treatment funds received by reason of the verdicts are afforded under applicable federal income tax laws. Though such a precautionary instruction could be given, it is not error to deny such an instruction.[2] Such considerations are not required of the jury in reaching its verdict. The jury in these cases was charged with placing a monetary value upon elements of damage that are incapable of precise measurement. They have performed this function, and tax consequences are not required to be considered in their deliberation.

■ Lastly, appellant attacks each verdict as evidencing passion and prejudice on the part of the jury. Though the verdicts are sizable, they do not ap-

pear excessive in light of the severe injuries suffered by both Mr. and Mrs. Nichols. In all good conscience we can but uphold these verdicts as being based upon the evidence adduced and considered by the jury.

Affirmed.

2. Payne v. Baltimore & Ohio R. R. Co., 309 F.2d 546 (6th Cir. 1962); McWeeney v. New York, N. H. & H. Ry. Co., 282 F.2d 34 (2d Cir. 1960).