Benny Orson BARNES, as natural guardian and appointed guardian of Nathaniel David Barnes, Rebecca Ann Barnes, Benjamin Joseph Barnes, Adam Mark Barnes, Joel Anderson Barnes, and for and on behalf of himself, Plaintiffs,

v.

Jack ROBISON, Defendant.

Civ. A. No. 88–2102.

United States District Court,
D. Kansas.

May 12, 1989.

Eugene B. Ralston, Eugene B. Ralston & Assoc., Topeka, Kan., for plaintiffs.

Steven C. Alberg and Mark Beam–Ward, Hill, Beam–Ward, Alberg & Lyons, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for partial summary judgment and on plaintiffs' various motions in limine. This action arose out of an automobile collision in which Janet Marie Barnes, wife of plaintiff Benny Orson Barnes and mother of the remaining named plaintiffs, and Philip Dushane Barnes, the two-year old child of Janet and Benny Barnes, were killed. Due to a prior settlement of some of the plaintiffs' claims, only two claims against the defendant remain: plaintiffs' claims for the wrongful death of Philip, and Nathaniel David Barnes' claims for the physical injuries he sustained.

### Defendant's Motion for Partial Summary Judgment

In considering the defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiffs. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). According to the federal rules, summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2553; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion

"may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511–12 (quoting *Improvement Company v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

With regard to plaintiffs' wrongful death claim, defendant moves the court for partial summary judgment on three issues: (1) whether Benny Barnes can make a claim for pecuniary damages for the death of his two-year-old son, Philip; (2) whether Benny Barnes can claim pecuniary and nonpecuniary damages on behalf of his deceased wife, Janet, who survived Philip two and one-half hours, but who never regained consciousness; and (3) whether Philip's surviving siblings are proper party plaintiffs.

■ Defendant argues that due to Philip's age, plaintiff Benny Barnes' claim for pecuniary damages is too speculative and without a sufficient evidentiary basis. Although the court agrees with defendant that the pecuniary losses to a parent from the loss of a minor child, especially one as young as Philip, are difficult to measure, this difficulty does not warrant summary judgment at this juncture. Plaintiff Benny Barnes should be given the opportunity to prove pecuniary losses "by showing the nature and extent of those losses[.]" *Wentling v. Medical Anesthesia Services*, 237 Kan. 503, 514, 701 P.2d 939, 948 (1985). If he can offer such proof, it is for the jury to determine the monetary value of such loss. *Id.* ("[T]he triers of fact are presumed to be capable of converting the losses into monetary equivalents on the basis of their own experience.") If he cannot offer such proof, the court will not submit the issue of pecuniary damages to the jury. K.S.A. 60–1903(e) (1988 Supp.). Consequently, the court will deny defendant's motion for summary judgment on this issue at this time, but will entertain the motion again at the close of plaintiffs' case.

■ Defendant also moves for summary judgment on the claims plaintiff Benny Barnes makes on behalf of his deceased wife, Janet, for the wrongful death of Philip. Janet survived Philip by two and one-half hours, but never regained consciousness. Thus, defendant argues that Janet could not have suffered any loss of pecuniary benefits and could not have suffered any mental anguish or bereavement as a result of Philip's death. The plaintiffs offered no evidence to refute defendant's representation that Janet Barnes never regained consciousness, and was therefore unable to suffer from or appreciate the loss of her son, Philip. As one must be conscious to realize pain and suffering, *see, e.g., Nichols v. Marshall*, 486 F.2d 791, 792 (10th Cir.1973), it is logical to conclude that one must also be conscious to sustain the pecuniary and nonpecuniary losses plaintiffs are claiming. Accordingly, defendant's motion for summary judgment on plaintiff Benny Barnes' claims on behalf of his deceased wife, Janet, will be granted.

■ Finally, defendant moves for summary judgment on the appropriateness of Philip's siblings as party plaintiffs. K.S.A. 60–1902 provides that a wrongful death action may be commenced by any one of the deceased's heirs at law. Philip's heirs at law are his surviving parent(s). K.S.A. 59–507. For Philip's heirs at law to be his siblings, his parents would also have to be deceased. K.S.A. 59–508. The court therefore finds that Philip's surviving siblings are not heirs at law and are not proper party plaintiffs in this wrongful death action. Consequently, Philip's siblings will be dismissed from the wrongful death action. Fed.R.Civ.P. 21.

### *Plaintiffs' Motion in Limine—Expert Testimony*

■ Plaintiff moves the court for an order prohibiting the defendant from introducing into evidence the opinions or conclusions of the investigating officers concerning the fault of the parties. The defendant concedes that such opinions or conclusions, which go to the ultimate issue of negligence, are not allowed. *Ratterree v. Bart-*

*lett,* 238 Kan. 11, 16, 707 P.2d 1063, 1068 (1985). Therefore, such evidence will not be admitted. Nevertheless, the investigating officers will be allowed to offer opinions and conclusions concerning the physical factors of the accident, if proper foundation for their opinions and conclusions is laid and the conclusions are the proper subject of expert testimony. *Id.* at 15, 707 P.2d at 1067.

### Plaintiffs' Motion in Limine—Imputed Negligence

■ Plaintiffs request that the court rule as a matter of law that plaintiff Benny Barnes' negligence cannot be imputed to plaintiff Nathaniel Barnes for purposes of comparative negligence or mitigation of damages with regard to Nathaniel's personal injury claim. Defendant did not respond to plaintiffs' motion. When the action for personal injury is for the benefit of the child, as it is in this case, the negligence of a parent is not imputed to the child. *See, e.g., Schmidt v. Martin,* 212 Kan. 373, 375, 510 P.2d 1244, 1247 (1973). Accordingly, plaintiffs' motion will be granted.

### Plaintiffs' Motion in Limine—Child Restraint Statute

■ Plaintiffs' motion presents an issue which the Kansas Supreme Court has not yet been asked to address. Plaintiffs request an order prohibiting defendant from introducing evidence concerning plaintiff Benny Barnes' failure to secure Philip Barnes in a child safety restraint for the purposes of comparing the parties' negligence and reducing plaintiffs' damages. In support of their motion, plaintiffs contend that the same rule of admissibility should apply to the nonuse of a child safety restraint as applies to the nonuse of a seat belt, *see* K.S.A. 8–2504(c); *i.e.,* the failure of a person to secure his child in a safety restraint as required by K.S.A. 8–1344 *et seq.* should not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages.

Because plaintiffs request the court to construe the child safety restraint statute to include such an "admissibility rule," a brief review of some general rules of statutory construction is in order. "[A]ll statutes must be interpreted and applied according to the plain meaning of the language used and the intent of the legislative body that enacted it." *Earth Scientists v. United States Fidelity & Guaranty Co.,* 619 F.Supp. 1465, 1471 (D.Kan.1985). The court cannot enlarge the scope of a statute and cannot amend it by judicial interpretation. *Schroder v. Kansas State Highway Commission,* 199 Kan. 175, 182, 428 P.2d 814, 821 (1967). Finally, the legislature is presumed to have acted with full knowledge of judicial decisions relative to the subject matter of the statute. *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384, 1388 (1976). Applying these rules of statutory construction to the child safety restraint statute, K.S.A. 8–1344 *et seq.,* the court has determined that plaintiff Benny Barnes' failure to secure his son, Philip, in a child safety restraint is admissible for the purpose of comparing his negligence and reducing the damages he claims for Philip's wrongful death. We reach this conclusion for several reasons. First, K.S.A. 8–1346 provides that "[f]ailure to employ a child passenger restraint system shall not constitute negligence *per se.*" Negligence *per se* is "automatic" negligence. When a party is accused of negligence *per se,* the finder of fact looks not to the surrounding circumstances of an act or omission, but instead looks only to whether the commission or omission of the specific act violated a law or ordinance. *Kendrick v. Atchison, Topeka & Santa Fe Railroad Co.,* 182 Kan. 249, 260, 320 P.2d 1061, 1070 (1958). If the law or ordinance was violated, the party is deemed to have been negligent. The child safety restraint statute thus only prohibits a finding of "automatic" negligence when a person has violated the statute; it does not preclude introducing the violation as evidence of negligence. To imply such a preclusion would ignore the plain meaning of K.S.A. 8–1346 and would be tantamount to "judicial legislation."

Second, at least two of the cases espousing the rule against the admissibility of evidence concerning a driver's or a passenger's nonuse of a seat belt, on which the legislature relied when enacting K.S.A. 8–2504(c), predate the child safety restraint statute, enacted in 1981, and/or its 1982 amendment. *See Hampton v. State Highway Commission*, 209 Kan. 565, 498 P.2d 236 (1972); *Taplin v. Clark*, 6 Kan.App.2d 66, 626 P.2d 1198 (1981). Thus, when enacting the child safety restraint statute, the legislature had knowledge of these judicial decisions, but chose not to extend the "admissibility rule" regarding the nonuse of seat belts to the nonuse of child restraining devices. The court cannot reverse that choice by a judicial extension of K.S.A. 8–2504(c) to child safety restraints.

Third, the admissibility rule concerning the nonuse of a seat belt derived from case law which held that there was no common law duty to use a seat belt. Without a duty, no fault can be assessed in a negligence action. *See, e.g., Rollins v. Kansas Department of Transportation*, 238 Kan. 453, 456, 711 P.2d 1330, 1332 (1985). Although the recently enacted seat belt law now imposes a statutory duty to wear a seat belt, K.S.A. 8–2501 *et seq.*, the admissibility rule of K.S.A. 8–2504(c) echoes the "lack of duty" rationale under the common law. In the case of a child safety restraint device, however, a common law duty to exercise prudent and reasonable care to protect a child from injury preceded and still coexists with the statutory duty imposed by K.S.A. 8–1344 *et seq. See, e.g.,* 57 Am.Jur.2d *Negligence* §§ 37, 88 (1971). Thus, unlike the seat belt cases, evidence relative to the question of whether a person's use or nonuse of a child safety restraint device in an automobile constituted the exercise of prudent and reasonable care to protect a child passenger from injury would have been admissible prior to the enactment of the child safety restraint statute. Accordingly, unless the legislature specifies otherwise, the same evidence should be admissible after the enactment of the statute.

The court is therefore of the opinion that the Supreme Court of Kansas, if presented the question, would hold that defendant should be allowed to present evidence regarding plaintiff Benny Barnes' failure to restrain decedent Philip Barnes in a child safety device for the purposes of comparing plaintiff Benny Barnes' negligence and for reducing the damages he claims resulted from Philip's wrongful death.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted in part and denied in part. Plaintiff Benny Barnes will be allowed to present evidence regarding the pecuniary losses he suffered as a result of Philip Barnes' wrongful death. Plaintiff Benny Barnes' claims on behalf of his deceased wife, Janet Barnes, for pecuniary and nonpecuniary damages resulting from Philip Barnes' wrongful death are dismissed. Plaintiffs Nathaniel David Barnes, Rebecca Ann Barnes, Benjamin Joseph Barnes, Adam Mark Barnes and Joel Anderson Barnes are dismissed from the wrongful death action as improper parties.

IT IS FURTHER ORDERED that plaintiffs' motion in limine regarding the admissibility of certain experts' opinions and conclusions is granted.

IT IS FURTHER ORDERED that plaintiffs' motion in limine regarding the imputation of Benny Barnes' negligence to Nathaniel Barnes is granted.

IT IS FURTHER ORDERED that plaintiffs' motion in limine regarding the admissibility of Benny Barnes' failure to secure Philip Barnes in a child safety restraint as required by Kansas statute is denied.