# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3061

_____

| | | |
|---|---|---|
| Mary Ann Dillingham, Personal Representative of the Estate of John W. Dillingham, Deceased; Mary Ann Dillingham, Surviving Spouse and Heir-at-Law of John W. Dillingham, Deceased; Jack C. Dillingham, Surviving Son and Heir-at-Law of John W. Dillingham, Deceased; David R. Dillingham, Surviving Son and Heir-at-Law of John W. Dillingham, Deceased. | * * * * * * * * * * * | |
| Appellees, | * * | |
| v. | * * | Appeal from the United States District Court for the Western District of Missouri. |
| IBP, Inc., a Delaware Corporation, | * * | |
| Appellant. | * | |

_____

Submitted: April 12, 2000

Filed: July 25, 2000

_____

Before BEAM, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

In this diversity case, IBP, Inc. appeals from a judgment of the district court entered after a jury trial in favor of Mary Ann, David, and Jack Dillingham, widow and sons of John Dillingham. We affirm in part and reverse in part.

John, a cattle farmer, died several hours after an accident at an IBP facility in Kansas. Appellees filed a wrongful death and a survival action against IBP. Before a reduction for comparative fault, the jury awarded appellees $300,000 on account of economic loss and $10,000 for John's pain and suffering. The district court divided the economic loss award into equal thirds, see Kan. Stat. Ann. § 60-1905 (court shall apportion wrongful death award among known heirs "in proportion to the loss sustained by each"), and entered judgment as to both awards. The court denied IBP's motion for judgment as a matter of law(JAML). IBP now appeals.

On appeal, IBP does not challenge liability, but only the sufficiency of the evidence supporting the damage awards. As to the economic loss award, in its brief, IBP asserted there was insufficient evidence that each appellee suffered monetary losses equal to one-third of the total award. At oral argument, however, IBP stated it was not challenging the district court's apportionment of the award, but only the sufficiency of the evidence as to the overall award. IBP further argued because appellees did not present expert testimony as to the amount of economic loss or provide a method by which the precise amount of loss could be determined, the jury's award was based on nothing more than speculation. IBP's argument is without merit. As the jury was instructed, under Kansas law, which is applicable, economic loss includes loss of services, earnings, attention, care, advice, and protection. Kan. Stat. Ann. § 60-1904. These losses "are valuable per se and pecuniary in nature, . . . and it is the province of the jury to determine the monetary value of such loss." Wentling v. Medical Anesthesia Serv., P.A., 701 P.2d 939, 948 (Kan. 1985). Despite IBP's argument to the contrary, "Kansas law is clear that the plaintiff does not need to prove the amount of pecuniary damages to any level of mathematical certainty." Huffman v. Thomas, 994 P.2d 1072, 1078 (Kan. Ct. App. 1999). Nor is there a requirement that a plaintiff present expert

testimony. Id. Rather, a "[p]laintiff has satisfied his burden of proof by showing the nature and extent of th[e] losses, and the triers of fact are presumed to be capable of converting the losses into monetary equivalents on the basis of their own experience." Wentling, 701 P.2d at 948.

In this case, there was sufficient evidence to support the award for economic loss. Appellees testified to a close and loving relationship. The Dillinghams had been married 47 years. In addition to relying on John for emotional and financial support during the marriage, Mary Ann relied on his assistance in her travel business. He planned itineraries, set up her computer, and did the programming. After his death, Mary Ann discontinued the business. Jack testified that he sought his father's advice regularly and, on his death, moved back to the family farm to assist his mother. David testified that he had always lived on the farm and made his living by farming with his father. After John's death, the farming operation was cut in half. Given this testimony, "[t]here can be no doubt [appellees] suffered a pecuniary loss when deprived of [John's] services, care and guidance." Id. Their "failure to present [] expert testimony does not convert what are otherwise admitted pecuniary losses into nonpecuniary losses as contended by" IBP. Id.

IBP also argues that there was insufficient evidence to support the jury's award of pain and suffering. Appellees argue because John lived several hours after the accident, there was sufficient evidence to support an award for loss of enjoyment of life. They correctly note in Leiker v. Gafford, 778 P.2d 823, 835 (Kan. 1989), overruled on other grounds by, Martindale v. Tenny, 829 P.2d 561, 566 (1992), the state supreme court held that although loss of enjoyment of life is "not a separate category of nonpecuniary damages in a personal injury action[,] . . . in a proper case it is a valid subcomponent or element of pain and suffering." However, as IBP notes, "Kansas follows the majority rule that damages are recoverable only for pain and suffering which is consciously experienced." Gregory v. Carey, 791 P.2d 1329, 1333 (Kan. 1990); see also Nichols v. Marshall, 486 F.2d 791, 793 (10th Cir. 1973) ("pain and suffering are

conscious experiences and do not exist in an unconscious state") (applying Kansas law). Thus, if enjoyment of life is a subcomponent of pain and suffering, it follows that to recover for loss of enjoyment of life, there must be some evidence of consciousness. See Gregory, 791 P.2d at 1335. In Gregory, the Kansas Supreme Court "recogniz[ed] that requiring some cognitive awareness as a prerequisite to recovery for loss of enjoyment of life results in the paradoxical situation that the greater the degree of brain injury inflicted by a negligent defendant, the smaller the award the plaintiff can recover." Id. The court, however, stated "the temptation to achieve a balance between injury and damages has nothing to do with meaningful compensation for the victim." Id.; see also McDougald v. Garber, 536 N.E.2d 372, 375 (N.Y. Ct. App. 1989) (vacating award because jury erroneously instructed loss of enjoyment of life did not require consciousness).

Contrary to appellees' argument, in Leiker and Gregory, medical malpractice cases, there was some evidence of conscious awareness, despite the fact that the victims appeared to be in vegetative states. See Gregory, 791 P.2d at 1334 (lay testimony and videotape showed the victim consciously suffered pain); Leiker, 778 P.2d at 837-39 (victim was conscious for twenty minutes after tortious act; lay testimony showed conscious pain and suffering during apparent vegetative state). Because appellees concede that there is no evidence that John was conscious following the accident, the court erred in denying IBP's motion for JAML as to the $10,000 award for pain and suffering.

Accordingly, we affirm the judgment as to the award for economic loss, reverse the judgment as to the award for pain and suffering, and remand for entry of judgment in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.