Gaylord SWELBAR, as trustee for the heirs of Jessica Lou Ann Brigan, deceased, Appellant,

v.

Troy Allan LAHTI, et al., Respondents.

No. C6–91–46.

Court of Appeals of Minnesota.

July 16, 1991.

Harry L. Newby, Jr., Newby, Lingren, Newby & Carlson, Ltd., Cloquet, for appellant.

Michael W. Haag, Crassweller, Magie, Andresen, Haag & Paciotti, P.A., Duluth, for respondents.

Peter W. Riley, DeParcq, Hunegs, Stone, Koeneg & Reid, P.A., Minneapolis, for amicus Minnesota Trial Lawyers Ass'n.

George W. Soule, Cynthia J. Atsatt, Bowman and Brooke, Minneapolis, for amicus Minnesota Defense Lawyers Ass'n.

Considered and decided by CRIPPEN, P.J., WOZNIAK, C.J., and DAVIES, J.

## OPINION

CRIPPEN, Judge.

Appellant, pursuing a wrongful death action arising from a car accident, contends the trial court erred in refusing to strike affirmative defenses alleging that the decedent child had not been in a child passenger restraint system as required by Minn.Stat. § 169.685, subd. 5(b) (1988). Appellant argues these defenses are barred by Minn. Stat. § 169.685, subd. 4 (1988). We agree and reverse.

## FACTS

In March 1990, a car driven by respondent Troy Allan Lahti and owned by re-spondent Richard Allen Lahti collided with a car driven by Paula Jean Brigan. Lahti had failed to stop at a stop sign. Respondents allege Jessica Lou Ann Brigan, age eighteen months, was being held by a front seat passenger in the Brigan car and was not in a child passenger restraint system. Jessica was fatally injured in the accident. The trial court appointed appellant Gaylord Swelbar trustee to bring a wrongful death action for Jessica's next of kin under Minn. Stat. § 573.02, subd. 3 (1988).

The trial court denied appellant's motion to strike affirmative defenses, concluding they were not barred by Minn.Stat. § 169.-685, subd. 4. This court granted discretionary review and subsequently permitted the Minnesota Defense Lawyers Association and the Minnesota Trial Lawyers Association to file amicus curiae briefs.

## ISSUE

In wrongful death proceedings resulting from operation of a motor vehicle, is evidence of use or nonuse of a child passenger restraint system inadmissible under Minn. Stat. § 169.685, subd. 4?

## ANALYSIS

■ Appellant brought his motion under Minn.R.Civ.P. 12.06, claiming the court should strike an "insufficient defense." Whether respondents' affirmative defenses are insufficient because barred by statute is a question of law and is subject to de novo review. *See Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990).

■ The affirmative defenses pleaded by respondent are based on Minn.Stat. § 169.-685, subd. 5(b) (1988):

No motor vehicle operator * * * may transport a child under the age of four * * * unless the child is properly fastened in the child passenger restraint system.

Appellant argues, however, that evidence of failure to use a child passenger restraint system is inadmissible under Minn.Stat. § 169.685, subd. 4 (1988):

Proof of the use or failure to use seat belts or a child passenger restraint sys-

tem * * * shall not be admissible in evidence in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle.

Respondents contend and the trial court agreed that the rule against evidence on the use or nonuse of a child passenger restraint system does not clearly apply in wrongful death actions. We conclude the statute does not permit this purported distinction.

■ Courts do not construe or interpret a statute's language if its words are clear and free from ambiguity. In such a case, effect must be given to the statute's plain meaning. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn. 1986); *accord* Minn.Stat. § 645.16 (1988). Here, the statute unambiguously bars evidence of use or nonuse of seat belts or child restraints in any litigation "involving" personal injury resulting from use of a motor vehicle.

Initially, we note that only a strained definition of wrongful death claims could put them beyond the scope of actions for personal injuries. Wrongful death claims are the surviving forms of claims for injury caused by a wrongful act. Minn.Stat. § 573.02, subd. 1 (1988). What is more important, however, is that the prohibition against the use or nonuse of a child restraint system refers to litigation *involving* personal injuries, not litigation *for* personal injuries. Inasmuch as death results from personal injury, an action to recover for loss due to the death of a next of kin is an action involving personal injury. As such, an action for wrongful death clearly comes within the ambit of the statute.

The trial court agreed with respondents' contention that similar statutes in other states more clearly address and include wrongful death. *See, e.g.,* Iowa Code § 321.446(6) (1991) (failure to use child restraint system inadmissible "in a civil action"). These statutes no doubt refer to any kind of civil proceeding. This fact, however, does not limit the meaning of Minnesota's clear statutory reference to "any litigation involving personal injuries or property damage." Minn.Stat. § 169.-685, subd. 4.

In addition, respondents point to numerous instances where Minnesota statutes have included references to both personal injury and wrongful death actions. These statutory references do not involve automobile accidents. In any event, because we find the statute to clearly and unambiguously include wrongful death actions as litigation "involving" personal injuries, we need not resort to statutory construction.

In applying subdivision 4 of section 169.-685 in the context of personal injuries short of death, we have found:

> The specific intent of the legislature was to remove from jury consideration the use or nonuse of seat belts [or a child passenger restraint system].

*Lind v. Slowinski,* 450 N.W.2d 353, 359 (Minn.App.1990), *pet. for rev. denied* (Minn. Feb. 21, 1990); *see also Hickman v. Group Health Plan, Inc.,* 396 N.W.2d 10, 16 n. 1 (Minn.1986) (one who transports child in a car without child restraint system violates criminal law, but the violation cannot be basis of suit for damages). We hold this rule also applies when death results.

■ Amicus Minnesota Defense Lawyers Association challenges the constitutionality of Minn.Stat. § 169.685, subd. 4. We note that the constitutionality of the statute was not challenged in the trial court and the attorney general has not been notified. *See* Minn.R.Civ.App.P. 144. As a general rule, the Minnesota appellate courts refuse to consider questions of constitutionality when the attorney general has not been notified. *Theorin v. Ditec Corp.,* 377 N.W.2d 437, 440 n. 1 (Minn. 1985). Therefore, we decline to reach the issue of constitutionality.

## DECISION

Minn.Stat. § 169.685, subd. 4 bars evidence of use or nonuse of a child passen-

ger restraint system in a wrongful death action resulting from the operation of a motor vehicle. Therefore, the trial court erred in refusing to strike respondent's affirmative defenses.

Reversed.