No. 91-563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

GLORIA CALIFATO, as Guardian
ad litem for RYAN JOHNSON,

      Plaintiff and Respondent,

   v.

RUSSELL GERKE and RUSTY GERKE,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. NcNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Mark L. Stermitz, Warden, Christiansen,
Johnson & Berg, Kalispell, Montana

      For Respondent:

          James A. Manley, Manley Law Office,
Polson, Montana

FILED

APR 2 0 1993

Filed:

*Ed Smith*

CLERK OF SUPREME COURT.
STATE OF MONTANA

Submitted on Briefs: February 20, 1992

Decided: April 20, 1993

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Gloria Califato filed her complaint in the District Court of the Twentieth Judicial District, Lake County, as guardian ad litem on behalf of her son, Ryan Johnson. She alleged that he was injured while operating a vehicle owned by Russell Gerke because the seatbelts had been rendered inoperable by Russell's son, Rusty Gerke. Pursuant to Rule 12(c), M.R.Civ.P., defendants moved for judgment on the pleadings. Plaintiff moved the court to order, by summary judgment, that § 61-9-409, MCA, established a standard of care applicable to defendants, and that its violation was negligence as a matter of law. The District Court denied defendants' motion, granted plaintiff's motion, and pursuant to stipulation of the parties, certified its judgment as final for purposes of appeal, pursuant to Rule 54(b), M.R.Civ.P. From that judgment, defendants appeal. We affirm.

The issue on appeal is:

Can an alleged failure to comply with § 61-9-409, MCA, form the basis for plaintiff's cause of action, or is such claim barred by the terms of § 61-13-106, MCA, and by our decision in *Kopischke v. First Continental Corporation* (1980), 187 Mont. 471, 610 P.2d 668?

For purposes of this appeal, the allegations in plaintiff's complaint are assumed to be true. Those facts are as follows:

On November 19, 1989, Ryan Johnson and Rusty Gerke drove in Russell Gerke's pickup from Polson to Kalispell. On the return

2

trip, Rusty was tired. He asked Ryan to drive, and Ryan agreed to do so.

Sometime prior to November 19, 1989, Rusty had taken the seatbelt from the driver's side of his father's vehicle and used it to permanently fasten a stereo speaker behind the seat. For that reason, even though Ryan normally used a seatbelt, he was prevented from doing so on the return trip from Kalispell to Polson.

While Ryan was proceeding in a southerly direction on Highway 93, an oncoming vehicle crossed over the center line and into the southbound lane. Ryan took evasive action to avoid a head-on collision, lost control of the vehicle, hit an embankment, and crashed into a barrow pit on the opposite side of the road. He was thrown through the windshield and out of the vehicle. After flying through the air a considerable distance, he landed on some boulders where he sustained a serious closed head injury, as well as injuries to other parts of his body.

Plaintiff alleged that Ryan's injuries were caused by the negligence of the oncoming vehicle, but also from the concurrent negligence of the Gerkes. She alleged that Rusty was negligent by rendering the driver's side seatbelt inoperable, and that Russell was negligent by allowing the seatbelt to be used in that fashion. She alleged that this conduct by both defendants violated § 61-9-409, MCA, and was, therefore, negligence per se.

In support of their motion for judgment based on the pleadings, defendants contended that:

3

1. Use or nonuse of seatbelts is inadmissible pursuant to our decision in *Kopischke* and § 61-13-106, MCA;

2. Section 61-9-409, MCA, did not impose a duty on the owner of a vehicle to maintain seatbelts in an operable condition; and

3. The unavailability of seatbelts in defendants' vehicle could not, as a matter of law, have been the proximate cause of Ryan's injury.

The District Court concluded that § 61-9-409, MCA, imposed a legal duty on defendants, and that its violation was negligence as a matter of law. Because these conclusions are interrelated with the District Court's denial of defendants' motion for judgment on the pleadings, we will limit our discussion to those issues raised by defendants in support of their motion.

## ADMISSIBILITY OF SEATBELT USE

In *Kopischke* we held that since there was no statutory duty to wear a seatbelt, failure to use one which was available was not admissible to prove that an injured driver was contributorily negligent. We held that § 61-9-409, MCA, which required that vehicles manufactured after 1966 be equipped with seatbelts, and furthermore, that those vehicles not be operated unless the belts remained installed, did not require the driver of a vehicle to use the seatbelt. In 1987, the Montana Legislature created a statutory duty to use seatbelts when it enacted the "Montana Seatbelt Use Act." *See* §§ 61-13-101 to -106, MCA. Section 61-13-103, MCA, of that Act, requires that no driver may operate a motor vehicle

4

unless each occupant of a designated seating position is wearing a seatbelt. However, § 61-13-106, MCA, provides that:

> Evidence of compliance or failure to comply with 61-13-103 is not admissible in any civil action for personal injury or property damage resulting from the use or operation of a motor vehicle, and failure to comply with 61-13-103 does not constitute negligence.

Defendants contend that if failure to use a seatbelt is inadmissible to establish Ryan's contributory negligence, then plaintiff cannot offer evidence that Ryan had no seatbelt on at the time of this accident and there is no basis for plaintiff's claim.

However, defendants confuse the duty discussed in *Kopischke* with the duty provided for in § 61-9-409, MCA.

In *Kopischke*, the issue was whether the defendant could offer evidence that the plaintiff failed to use a seatbelt which was available for her use, and thereby, contributed to her own injuries and the damages which she sought to recover. In reviewing the common law from other jurisdictions, we discussed the basis on which such evidence had been held inadmissible elsewhere. The recurrent reasoning from other jurisdictions was that since the legislature had not mandated the use of seatbelts as a standard of conduct, the court should not impose that standard on all persons riding in vehicles. Significant to the rationale for these decisions were studies which established that the vast majority of drivers and occupants of vehicles did not use seatbelts, even though they were available. *See Amend v. Bell* (Wash. 1977), 570 P.2d 138; *Fischer v. Moore* (Colo. 1973), 517 P.2d 458; *Britton v. Doehring*

5

(Ala. 1970), 242 So. 2d 666; *Miller v. Miller* (N.C. 1968), 160 S.E.2d 65; *McCord v. Green* (D.C. App. 1976), 362 A.2d 720; *Fields v. Volkswagen of America, Inc.* (Okla. 1976), 555 P.2d 48. Based on this lack of statutory duty, we held that:

> In light of the history and the numerous legislative problems that must be considered to effectively extend the seatbelt rule of law, we have concluded that the well-reasoned position of the Washington court in *Amend v. Bell*, supra, produces the better rule and reach the conclusion that to adopt a seatbelt defense when the legislature has failed to do so would be ill-advised. The trial court properly refused to allow defendant to introduce a seatbelt defense into this case.

*Kopischke*, 610 P.2d at 683.

In other words, our reason for refusing to admit evidence that plaintiff had failed to use a seatbelt in *Kopischke* was that there was no statutorily created duty and we chose not to create one. That holding was not based on a lack of causation.

As noted above, in 1987, the Legislature did create a statutory duty for drivers and occupants of vehicles to use seatbelts. However, at the same time, the Legislature provided that where seatbelts are available and a driver or occupant chooses not to use one, that choice is not admissible as evidence of negligence. Section 61-13-106, MCA.

However, neither *Kopischke* nor § 61-13-106, MCA, apply to the facts in this case. In this case, there was not a seatbelt available for Ryan's use. The duty which forms the basis of plaintiff's complaint is defendants' duty to maintain their vehicle in such a way that seatbelts are available for the driver's and

6

passenger's use in the event that they choose to use them. If that duty exists, it exists pursuant to § 61-9-409, MCA, and there is no comparable provision in that statute which would exclude evidence that seatbelts were unavailable and for that reason, were not used at the time of the accident.

We hold that neither *Kopischke* nor the Montana Seatbelt Use Act, §§ 61-13-101 to -106, MCA, preclude evidence that in this case Ryan Johnson did not have a seatbelt on at the time of his accident because the seatbelt had been rendered inoperable and was unavailable for his use.

## STATUTORY DUTY TO MAINTAIN SEATBELTS

Defendants next contend that there is no statutory duty to maintain seatbelts in a operable condition, and that just as we have refused to create a common law duty to use seatbelts in *Kopischke*, we should decline to create a common law duty to maintain seatbelts in this case.

Section 61-9-409, MCA, provides that:

> It is unlawful for any person to buy, sell, lease, trade, or transfer from or to Montana residents at retail an automobile which is manufactured or assembled commencing with the 1966 models unless such vehicle is equipped with safety belts installed for use in the left front and right front seats thereof, <u>and no such vehicle shall be operated in this state unless such belts remain installed</u>. [Emphasis added.]

Defendants contend that the statute pertains only to sellers of vehicles. However, the plain language of the statute clearly imposes more than one duty. It prohibits sellers from transferring vehicles which are not equipped with safety belts, but also

7

prohibits owners of vehicles from operating the vehicle unless the seatbelts remain installed. To hold that the statute has been complied with if the seatbelts are present in the vehicle, even though rendered inoperable by the owner of the vehicle, would clearly frustrate the Legislature's purpose for enacting the statute. We agree with the District Court when it held that:

> It is the opinion of the Court that it would not be necessary that seatbelts be cut out or unbolted and physically removed in order to constitute a violation of the foregoing statute. The phrase "unless such belts remain installed" of necessity means "and reasonably available for use."

In the past, we have held that statutory provisions relating to motor vehicle equipment imposed a duty and that the violation of that duty constituted negligence per se.

In *Ashley v. Safeway Stores, Inc.* (1935), 100 Mont. 312, 47 P.2d 53, we held that failure to comply with the statute, § 1753, RCM (1921) (now § 61-9-214, MCA), which requires a display of lights on parked vehicles during certain hours of the night, established negligence as a matter of law. In *Lindberg v. Leatham Brothers, Inc.* (1985), 215 Mont. 11, 693 P.2d 1234, we held that where there was evidence that defendant failed to comply with § 61-9-221, MCA, which sets forth requirements for the use of multiple beam lighting equipment on vehicles, it would have been appropriate for the trial court to instruct the jury that failure to comply with that statute was negligence as a matter of law. Finally, in *Smith v. Rorvik* (1988), 231 Mont. 85, 751 P.2d 1053, we held that § 61-9-412, MCA, (1) requires the use of warning device equipment when a vehicle is disabled upon

8

the traveled portion of a highway, and (2) establishes the proper standard of care for the owner and operator of a disabled vehicle. We held that it was proper to instruct the jury on the requirements of that statute.

Likewise, in this case we hold that § 61-9-409, MCA, prohibited defendants from rendering the seatbelts in their vehicle inoperable and unavailable for use, and that breach of that duty constituted negligence as a matter of law.

## CAUSATION

Finally, defendants contend that to establish causation, plaintiff must establish both cause in fact and proximate cause. Defendants rely on our decision in *Kitchen Krafters v. Eastside Bank* (1990), 242 Mont. 155, 789 P.2d 567. They contend that because Ryan's accident was precipitated by another vehicle swerving into his lane of travel, the lack of seatbelts could not have been the cause in fact of his accident, and therefore, the *Kitchen Krafters'* test for causation is not satisfied. However, defendants' reasoning is faulty. Plaintiff need not prove that the unavailability of seatbelts caused Ryan's accident. Plaintiff need only prove that the lack of seatbelts was the cause, or one of several concurring causes, for Ryan's injuries and the resulting damages. For example, in *Brandenburger v. Toyota Motor Sales, U.S.A., Inc.* (1973), 162 Mont. 506, 513 P.2d 268, we stated that:

> While the construction of the vehicle is not the cause of the accident, it is most often the contributing factor in the case of "second collision" injuries. In the recent years courts have held that where the manufacturer's

9

negligence in design causes an unreasonable risk to be imposed upon the user of its products, the manufacturer should be liable for the injury caused by its failure to use reasonable care in design. These injuries are readily foreseeable as an incident to the normal and expected use of the car. While automobiles are not made for the purpose of colliding with each other, a frequent and inevitable contingency of normal automobile use will result in collisions and injury producing impacts.

*Brandenburger*, 513 P.2d at 274. For the above reason, we held that where the driver overturned his vehicle, the top of the vehicle came off, and the plaintiff, who was a passenger, was thrown out of the car through the opening created through the top of the vehicle, "the duty of Toyota to provide a safe roof is not eliminated simply because the defective roof did not cause the accident." *Brandenburger*, 513 P.2d at 274.

Likewise, seatbelts are clearly for the purpose of restraining occupants of motor vehicles and it is foreseeable that in the event of a motor vehicle accident the occupant is more likely to be thrown from the vehicle if he has no seatbelt, than if he is wearing one. The fact that the unavailability of a seatbelt did not cause the original accident does not relieve defendants of their duty to comply with § 61-9-409, MCA. Whether or not the lack of a seatbelt was, in fact, the cause of Ryan's injuries, or whether his injuries were worse than they would have been had he been wearing a seatbelt is a question of fact to be resolved based on evidence which has not yet been produced.

For these reasons, we affirm the District Court's denial of defendants' motion to dismiss, and its order granting plaintiff's

10

motion for summary judgment. We hold that rendering the driver's side seatbelt inoperable was negligence as a matter of law, and we remand to the District Court for further proceedings consistent with this opinion.

_____
                        Justice

We concur:

_____
        Chief Justice


_____



_____
             Justices

11

Justice Fred J. Weber dissents as follows:

As pointed out in the majority opinion, plaintiff moved the court to order, by summary judgment, that § 61-9-409, MCA, established a standard of care applicable to defendants, and that its violation was negligence as a matter of law. The District Court denied the defendants' motion for a judgment on the pleadings and granted the plaintiffs' motion for summary judgment.

The majority opinion states that for the purposes of this appeal, "the allegations in plaintiffs' complaint are assumed to be true." The majority then sets forth extensive facts from the plaintiffs' complaint with regard to the various aspects, pointing out that Rusty Gerke had taken the seat belt from the driver's side of his father's vehicle and used it to permanently fasten a stereo speaker behind the seat, and for that reason, even though plaintiff normally used a seat belt, he was prevented from doing so. In addition the various facts alleged with regard to the accident and the manner of injury are all set forth.

Procedurally the foregoing was incorrect. The essential allegations in the plaintiffs' amended complaint which set forth the facts forming the basis for the opinion are denied by the answer of the defendants. There are no other pleadings, depositions, answers to interrogatories or admissions on file, or affidavits to prove the material facts upon which summary judgment could be based. I therefore conclude there is a total absence of proof of material facts essential to the making of the decision by the District Court on summary judgment. I conclude that under Rule

56(c), M.R.Civ.P., and the cases interpreting the same, there is no established factual basis upon which a summary judgment of law may be rendered. The majority has rendered an advisory opinion on a significant issue of law without any established factual basis. I therefore dissent.

I will now discuss the majority holding. The majority concludes that § 61-9-409, MCA, establishes a statutory duty to maintain seat belts, and quotes that section as follows:

> **61-9-409. Seatbelts required in new vehicles.** It is unlawful for any person to buy, sell, lease, trade, or transfer from or to Montana residents at retail an automobile which is manufactured or assembled commencing with the 1966 models unless such vehicle is equipped with safety belts installed for use in the left front and right front seats thereof, <u>and no such vehicle shall be operated in this state unless such belts remain installed</u>.

I have left the emphasis as inserted in the majority opinion. The foregoing statute must also be compared with § 61-13-103, MCA, which provides in pertinent part:

> **61-13-103. Seatbelt use required--exceptions.** (1) <u>No driver may operate a motor vehicle</u> upon a highway of the state of Montana unless each occupant of a designated seating position is wearing a properly adjusted and fastened seatbelt. . . . (Emphasis added.)

We must also consider § 61-13-106, MCA, which in pertinent part provides:

> **61-13-106. Evidence not admissible.** <u>Evidence of compliance or failure to comply with 61-13-103 is not admissible in any civil action for personal injury</u> or property damage <u>resulting from the</u> use or <u>operation of a motor vehicle</u>, and failure to comply with 61-13-103 does not constitute negligence. (Emphasis added.)

The majority opinion holds that neither <u>Kopischke</u> nor the Montana Seatbelt Use Act, § 61-13-101 through -106, MCA, preclude

evidence that in this case Ryan Johnson did not have a seat belt on at the time of his accident because the seat belt had been rendered inoperable and was unavailable for his use. That holding is not appropriate when all three statutes are considered.

When referring to the three quoted sections, I will use the last three numbers only. Section 103 provides that no driver may "operate a motor vehicle" unless each occupant, which includes the driver, is wearing a properly adjusted and fastened seat belt. Clearly that section required Ryan Johnson to wear a seat belt. However, under the express provisions of § 106, evidence of Ryan Johnson's failure to comply with § 103 "is not admissible in any civil action for personal injury . . . resulting from the use or operation of a motor vehicle." As a result, § 106 expressly prohibits proof that Johnson was not wearing a properly adjusted and fastened seat belt.

Having reached the foregoing conclusion, we next consider the majority analysis of § 409. The majority concludes that § 409 "prohibits owners of vehicles from operating the vehicle unless the belt remains installed." As above quoted, § 409 provides that no vehicle shall be "operated in this state unless such belts remain installed." No reference is made to ownership. The only specific reference is to the operation of the vehicle.

The majority then takes the additional step to add the word "owners" to operators and affirms the conclusion of the District Court which held:

> It is the opinion of the court that it would not be necessary that seatbelts be cut out or unbolted and

> physically removed in order to constitute a violation of the foregoing statute. The phrase "unless such belts remain installed" of necessity means "and reasonably available for use."

The majority then concludes that § 409 prohibited the defendants from rendering the seat belts inoperable and unavailable for use, and such breach of duty constituted negligence as a matter of law.

I suggest the majority has not considered the full impact of § 409. That section provides that no such vehicle shall be operated unless the belts remained installed. Clearly that restriction applies to the operator. As a result, if there is a duty which applies to the owner, even more clearly there is a duty which must be applied to the operator, Ryan Johnson. If it is correct that § 409 prohibited the owners from rendering the seat belts inoperable and that breach of duty constituted negligence as a matter of law--then the same rule must apply to the operator who is expressly designated in the statute--the holding requires that Ryan Johnson's operation of the vehicle with seat belts inoperable constituted a breach of his duty as an operator under § 409 and constituted negligence as a matter of law on the part of Ryan Johnson. At that point, the logic of the majority opinion requires a conclusion that Ryan Johnson's actions constituted negligence as a matter of law and Gerkes' actions also constituted negligence as a matter of law.

The dilemma then presented is that § 106 states that evidence of compliance or failure to comply with wearing the seat belt is not admissible in any civil action. I suggest this section properly should be held applicable to both the owners and operators

**15**

of motor vehicles. That seems consistent with the intent of the legislature which has established duties regarding seat belts but nonetheless has refused to allow failure to use seat belts as proof of negligence. I would hold that § 106 bars proof of the usage and non-usage of seat belts as to both operators and owners.

I would therefore reverse the holding of the District Court.

_____
Justice

Chief Justice J. A. Turnage and Justice Karla M. Gray concur in the foregoing dissent.

_____
Chief Justice

_____
Justice

16

April 20, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mark L. Stermitz
WARDEN, CHRISTIANSEN, JOHNSON & BERG
P.O. Box 3038
Kalispell, MT 59903-3038

James A. Manley
MANLEY LAW OFFICES
201 Fourth Ave. E.
Polson, MT 59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy