■ Louis Goldberg, an Infant, by His Mother and Natural

Guardian, ROSEMARY F. GOLDBERG, et al., Appellants, v MI-CHAEL E. NELSON, Defendant, and JOEL L. GOLDBERG et al., Respondents. [608 NYS2d 684] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillary, J.), entered April 21, 1992, as granted the motions of the defendants Joel L. Goldberg, Johnson Ford, Inc., and Robert W. Shoales for summary judgment, dismissing the complaint insofar as it is asserted against them and any cross claims against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This case involves a negligence action to recover damages for personal injuries arising from a three-car accident. A motor vehicle operated by the defendant Michael E. Nelson hit a van operated by the defendant Joel L. Goldberg, and owned by the defendant Johnson Ford, Inc., in the rear, pushing the van into the rear of a motor vehicle operated by the defendant Robert W. Shoales. Louis Goldberg, the infant plaintiff and son of the defendant Joel Goldberg, was in the rear of the van without a seat belt and sustained serious injuries as a result of the accident. The court found that no liability for the infant plaintiff's injuries could be attributed to the defendants Shoales, Goldberg, and Johnson Ford, Inc. We agree.

The plaintiffs have failed to come forward with any evidence to establish that either Goldberg or Shoales contributed to the cause of the accident. While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party (see, Cummins v Rose, 185 AD2d 839). Accordingly, the defendants Goldberg and Shoales were properly granted summary judgment.

Summary judgment was also properly granted to Johnson Ford, Inc., as the cargo van was properly equipped with front seat belts in accordance with Vehicle and Traffic Law § 383 (1) (c), and the plaintiffs failed to establish any duty to warn against using the van without seat belts or seats in the rear. It is well established that there is no duty to warn against a condition that can be readily observed by the use of one's senses (see, Rowell v Town of Hempstead, 186 AD2d 553; Olsen v State of New York, 30 AD2d 759, affd 25 NY2d 665).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.