■ ROBERT A. BAKER et al., as Parents and Natural Guardians of STEVEN R. BAKER, an Infant, Respondents, v LESLIE A. KELLER et al., Appellants, and DARLENE BRUNNER et al., Respondents. [661 NYS2d 330] —Order insofar as appealed from unanimously reversed on the law without costs and cross motion to amend complaint denied. Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by their five-year-old son in a motor vehicle accident while he was riding in the back seat of a vehicle owned by Evelyn Gates and operated by Leslie A. Keller (defendants). Defendants contend that Supreme Court erred in granting plaintiffs' cross motion to amend the complaint to allege that Keller was negligent in permitting plaintiffs' son to ride in the back seat without wearing a safety belt. We agree. Although leave to amend a pleading should be freely granted absent prejudice or surprise (*see,* CPLR 3025 [b]; *Empire Vision Ctr. v Wilson,* 212 AD2d 991, 991-992), leave to amend should be denied where, as here, the proposed amendment is patently lacking in merit (*see, Boccio v Aspin Trucking Corp.,* 93 AD2d 983). The proposed amendment is indirectly predicated upon noncompliance with Vehicle and Traffic Law § 1229-c (1), and the " 'plain command' " of the statute prohibits proof "predicated, directly or indirectly, upon noncompliance with Vehicle and Traffic Law § 1229-c" (*Hamilton v Purser,* 162 AD2d 91, 93).

We invite the Legislature to consider amending subdivision (8) of Vehicle and Traffic Law § 1229-c to eliminate the prohibition of evidence of violation of that section on issues of liability as against third parties in cases involving infants or young children. Because the safety belt has proven to be an effective safety device, there appears to be no logical reason to exempt owners and operators of vehicles from liability for the failure to employ safety belts at least with respect to infants and young children entrusted to their care while they operate a vehicle.

Owners and operators should be no less responsible for the safety of infants and young children in their preparation for travel than in their operation of a vehicle. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Amend Pleading.) Present—Pine, J. P., Lawton, Callahan, Boehm and Fallon, JJ.