1999 OK 86

**Ron and Lisa COMER, as parents and next friends of Marie Comer, deceased, Plaintiffs/Appellants,**

v.

**PREFERRED RISK MUTUAL INS. CO., an Iowa corporation; Adam G. Sepulveda, an individual, Defendants,**

**First Baptist Church of El Reno, an Oklahoma non-profit corporation, Defendant/Appellee.**

No. 93,207.

Supreme Court of Oklahoma.

Oct. 26, 1999.

Reggie N. Whitten, Simone Gosnell Fulmer, Oklahoma City, Oklahoma, For Plaintiffs/Appellants.

Jack Dawson, Steven E. Bracklein, Oklahoma City, Oklahoma, For Appellee.

¶1 KAUGER, J.:

¶2 The dispositive issue presented is whether 47 O.S.1991 § 12–420 [1] of the Oklahoma Mandatory Seat Belt Use Act, [the Act] [2] precludes the introduction of evidence of the use or nonuse of seat belts to support a claim of negligence in a wrongful death action — it does. The Act clearly and unambiguously states: "Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma." [3]

## FACTS

¶3 On July 7, 1997, the appellee, the First Baptist Church of El Reno [Church] arranged transportation to a summer youth camp for its youth group. The Church borrowed a van from one of its members, and allegedly, the van owner told the Church's youth director that the van would carry seven people. However, it was occupied by eight passengers at the time of the accident.

¶4 Although each of the teen-age girls occupied a seat in the van at the time of the accident, there were only seat belts for five girls in the back of the van — one of which was stuffed down in the seat and out of view. The van was occupied by a church volunteer driver, Jackie Reeves, and a front seat passenger, Jessica Baker. They wore seat belts, but the other passengers did not. Marie Comer, Heather Fuhr, and Emily Wilds occupied the middle seat bench, and Jessica Lee, Rebekah Swaim, and Kelsy Wint sat on the back bench seat. Marie Comer was seated directly behind the driver and although a seat belt was available for her use, she did not use it.

¶5 Marie Comer was killed when the van was struck by another vehicle en route to camp. On January 4, 1999, her parents, Ron and Lisa Comer, (appellants/parents) sued the Church [4] alleging that it was negligent because the van did not have enough seat

---

1. Title 47 O.S.1991 § 12–420, of the Oklahoma Mandatory Seat Belt Use Act, provides:

 "Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma."

2. Title 47 O.S.1991 § 12–416 et seq.

3. Title 47 O.S.1991 § 12–420, see note 1, supra.

4. The parents also named the Church's insurance company and the driver of the other vehicle as defendants in its lawsuit. Consequently, this cause involved multiple claims for relief and multiple parties. The trial court, pursuant to 12 O.S. Supp.1995 § 994, entered a final judgment expressly resolving all of the claims and issues which existed between the parents and the Church and determining that there was no just reason for delay in filing the final judgment.

belts for the number of back seat passengers it carried, and that the passengers were not required to wear the seat belts which were provided. The Church appeared specially and moved to dismiss the parents' claim. It argued that the parents had failed to state a claim for which relief could be granted, and that 47 O.S.1991 § 12–420[5] prohibited the presentation of any evidence to support the allegations of negligence.

¶ 6 Pursuant to 12 O.S.1991 § 2012(B),[6] the trial court treated the motion to dismiss as a motion for summary judgment, and on May 18, 1999, it entered judgment in favor of the Church and against the parents. The parents appealed on June 16, 1999, and filed a motion to retain the cause in this Court. On September 17, 1999, we retained the cause to address the first impression question regarding the application of 47 O.S.1991 § 12–420[7] to a claim for negligence.

¶ 7 **PURSUANT TO 47 O.S.1991 § 12–420, EVIDENCE OF THE USE OR NON-USE OF SEAT BELTS MAY NOT BE INTRODUCED TO SUPPORT A CAUSE OF ACTION.**

**A.**

**The Oklahoma Mandatory Seat Belt Use Act does not impose a statutory duty upon the operator of a passenger vehicle to require back seat passengers to use a seat belt, nor has this Court recognized such a duty at common law.**

¶ 8 The parents concede that the Oklahoma Mandatory Seat Belt Use Act, [the Act], 47 O.S.1991 § 12–416 et seq., requires only that the occupants of the front seat in passenger vehicles wear seat belts and that the Act does not require back seat passengers to buckle-up.[8] Nevertheless, they argue that they should recover damages for the wrongful death of their daughter because of the breach of the Church's common law duty. They assert that after the Church voluntarily assumed a parental/supervisory role it was charged with the duty to provide a safe environment in which to travel; the duty not to overload the van in such a way as to preclude the opportunity for every girl to use a seat belt;[9] and the duty to instruct or

5. Title 47 O.S.1991 § 12–420, see note 1, supra.

6. Title 12 O.S.1991 § 2012(B).

7. Title 47 O.S.1991 § 12–420, see note 1, supra.

8. Title 47 O.S.1991 § 12–417 provides:

"A. Every operator and front seat passenger of a passenger car operated in this state shall wear a properly adjusted and fastened safety belt system, required to be installed in the motor vehicle when manufactured pursuant to Federal Motor Vehicle Safety Standard 208. For the purposes of this section, 'passenger car' shall mean 'vehicle' as defined in Section 1102 of this title, except that 'passenger car' shall not include trucks, truck-tractors, recreational vehicles, motorcycles, motorized bicycles or vehicles used primarily for farm use and licensed pursuant to the provisions of Section 1134 of this title.

B. This section shall not apply to an operator or passenger of a passenger car in which the operator or passenger possesses a written verification from a physician licensed in this state that he is unable to wear a safety belt for medical reasons. Provided, the issuance of such verification by a physician, in good faith, shall not give rise to, nor shall such physician thereby incur, any liability whatsoever in damages or otherwise, to any person injured by reason of such failure to wear a safety seat belt system.

C. This section shall not apply to an operator of a motor vehicle who is a route carrier of the U.S. Postal Service.

D. No law enforcement officer shall make routine stops of motorists for the purpose of enforcing this act."

This statute was amended in 1997, the current version, 47 O.S. Supp.1997 § 12–417 replaces subsection D and adds a subsection E. It provides in pertinent part:

"D. The Department of Public Safety shall not record or assess points for violations of this section on any license holder's traffic record maintained by the Department.

E. Fine and court costs for violating the provisions of this section shall not exceed Twenty Dollars ($20.00)."

9. The parents' claim relates to the Church's allowing the six girls to ride in the back of the van when there were only seat belts for five girls — one of which was stuffed down in the seat and out of view. The parents' allegations toward the Church relate to its failure to provide each girl with an opportunity to wear a seat belt by placing them in the van or failing to require them to use available seat belts. It appears that there was adequate room in the van for each girl to at least occupy a seat. Accordingly, this is not a case in which the vehicle was so overcrowded that there wasn't room for all of the girls to fit in it or that they were forced to sit in some unusual position. See generally, Annot., Overcrowding Motor Vehicle or Riding in Unusual Position Thereon as Affecting Liability for Injury or Damage. 44 A.L.R.2d 238.

**1010**

require the minor passengers to use seat belts.

¶ 9 The Church acknowledges that Marie Comer was not wearing a seat belt at the time of the accident, but it contends that regardless of whether this was due to any action of the Church, the parents' claim must fail. The Church alleges that: 1) seat belts are only required to be used by the driver and front seat passenger; 2) Marie Comer was neither driving nor in the front seat; 3) there is no duty to require all passengers to wear seat belts; 4) the Legislature has mandated the inadmissibility of evidence of use or nonuse of seat belts in any civil trial; and 5) even if there were a duty to require back seat passengers to wear seat belts, 47 O.S. 1991 § 12–420 [10] precludes the parents' submission of evidence to support their allegations.

■ ¶ 10 A party seeking to establish negligence must prove by a preponderance of evidence the existence of a duty owed by the defendant to the plaintiff to use ordinary care, a breach of that duty, and an injury proximately caused by the defendant's breach of duty.[11] The parties agree that we have never recognized that the common law duty of care of a parent, adult, group, or organization toward a minor includes the duty to make seat belts available in all seating positions or to instruct or require the use of seat belts. However, they urge that we should do so now.

■ ¶ 11 The duty to use a seat belt and evidence of its use or nonuse is not entirely new to Oklahoma jurisprudence. In *Fields v. Volkswagen of America, 'Inc.*, 1976 OK 106, 555 P.2d 48, 84 A.L.R.3d 1199, the Court addressed seat belt evidence admissibility as it related to establishing a defense of contributory negligence or for mitigation of damages. *Fields* involved an action for personal injuries sustained by a driver when his steering wheel locked while he was driving the car. The driver alleged that the steering

wheel locking mechanism was defective. During the trial on damages, the trial court refused to allow the admission of testimony that the driver was not wearing his seat belt, and it refused to instruct the jury that the failure to wear a seat belt could be considered in mitigation of damages.

¶ 12 After considering the question on appeal, the *Fields* Court held:

"There is no common law or statutory duty requiring the use of seat belts. Imposition of new and recent technological advances are not usually inducted into doctrines of law, until such time as they have been sufficiently tried, proven and accepted for the purpose they were intended. Historically, the seat belt phenomenon is in its infancy. It is in a state of influx.

. . .

Although there is a conflict in other jurisdictions who have been confronted with this issue, the majority of the cases hold that the failure to use seat belts is not a defense to establish contributory negligence or to reduce the amount of damages to the injured party.

In view of the lack of unanimity on a proper seat belt system, the lack of public acceptance, and in the absence of any common law or statutory duty, we find that evidence of the failure to use seat belts is not admissible to establish a defense of contributory negligence or to be considered in mitigation of damages. For the present time we await the direction of the legislature."

Although our 1976 holding in *Fields* related to establishing a defense of contributory negligence or consideration of mitigation of damages, we also recognized that the only legislation relating to seat belts was a statute which made it unlawful to sell a post–1966 model vehicle without seat belts for the front right and left seats.[12]

¶ 13 After almost a quarter of a century the use of seat belts is no longer in its infancy, and it is generally accepted that seat belt

10. Title 47 O.S.1991 § 12–420, see note 1, supra.

11. *Phelps v. Hotel Management, Inc.*, 1996 OK 114, ¶ 9, 925 P.2d 891; *Grover v. Superior Welding, Inc.*, 1995 OK 14, ¶ 5, 893 P.2d 500; *Wofford v. Eastern State Hosp.*, 1990 OK 77, ¶ 8, 795 P.2d 516.

12. Title 47 O.S.1971 § 12–413. The current version of this statute, 47 O.S.1991 § 12–413, remains unchanged and provides:

"It shall be unlawful for any person to sell or offer for sale at retail or trade or transfer from or to Oklahoma residents any passenger vehicle which is manufactured or assembled com-

usage reduces traffic fatalities. In support of their position, the parents direct our attention to statistics contained in *Oklahoma Crash Facts*, 1997 Edition, a report issued by the Oklahoma Highway Safety Office. It finds that in 1997, 87.2% of fatality victims should have been using seat belts or child restraints; 73.6 % of fatality victims were not using seat belts or child restraints; only 22.2% of fatality victims were using seat belts or child restraints; 4.2% were cases in which seat belt usage was unknown; and 12.8% of fatality accidents were cases in which seat belt usage was not applicable.

¶14 The Legislature first responded to *Fields* in 1983, with its enactment of 47 O.S. Supp.1983 § 11–1112,[13] regulating the use of child passenger restraint systems. Under the current version of § 11–1112,[14] drivers are required to provide for the protection of children under the age of four, weighing sixty pounds or less, by properly using a child passenger restraint system. Children four or five years of age are required to be protected by either a child passenger restraint system or a seat belt. Any person convicted of violating the statute is imposed with fine of $10.00 and a maximum of $15.00 in court costs.[15] Incongruously, these requirements do not apply to the "driver of a vehicle if all of the seat belts in the vehicle are in use." [16]

¶15 In 1985, the Legislature enacted the Oklahoma Mandatory Seat Belt Use Act, 47 O.S.1991 § 12–416 et seq. Operators and front seat passengers of passenger cars are required to wear seat belts, unless they are

mencing with the 1966 models, unless such vehicle is equipped with safety belts or safety shoulder harness combinations which are installed for the use of persons in the left front and right front seats thereof."

**13.** Title 47 O.S. Supp.1983 § 11–1112, as originally enacted, is essentially the same as the current version, see 47 O.S. Supp.1995 § 11–1112, note 14 infra, with three exceptions: 1) it did not make any requirements regarding weight of a child; 2) it allowed the use of a child passenger restraint system or a properly secured seat belt in the rear seat of the vehicle; and 3) no fines were imposed for a violation of the statute.

**14.** Title 47 O.S. Supp.1995 § 11–1112 provides:
"A. Every driver when transporting a child under four (4) years of age weighing sixty (60) pounds or less in a motor vehicle operated on the roadways, streets, or highways of this state shall provide for the protection of said child by properly using a child passenger restraint system. For purposes of this section and Section 11–1113 of this title, 'child passenger restraint system' means an infant or child passenger restraint system that meets the federal standards for crash-tested restraint systems set by the United States Department of Transportation.
B. Children four (4) or five (5) years of age shall be protected by use of a child passenger restraint system or seat belt.
C. The provisions of this section shall not apply to:
1. A nonresident driver transporting a child in this state; and
2. The driver of a school bus, taxicab, moped, motorcycle, or other motor vehicle not required to be equipped with safety belts pursuant to state or federal laws; and
3. The driver of an ambulance or emergency vehicle; and

4. A driver of a vehicle if all of the seat belts in the vehicle are in use; and
5. The transportation of children who for medical reasons are unable to be placed in such devices.
D. A law enforcement officer is hereby authorized to stop a vehicle if it appears that the driver of the vehicle has violated the provisions of this section and to give an oral warning to said driver. The warning shall advise the driver of the possible danger to children resulting from the failure to install or use a child passenger restraint system or seat belts in the motor vehicle.
E. A violation of the provisions of this section shall not be admissible as evidence in any civil action or proceeding for damages.
F. In any action brought by or on behalf of an infant for personal injuries or wrongful death sustained in a motor vehicle collision, the failure of any person to have the infant properly restrained in accordance with the provisions of this section shall not be used in aggravation or mitigation of damages.
G. Any person convicted of violating subsection A or B of this section shall be punished by a fine of Ten Dollars ($10.00) and shall pay a maximum of Fifteen Dollars ($15.00) court costs thereof. This fine shall be suspended in the case of the first offense upon proof of purchase or acquisition by loan of a child passenger restraint system. Provided, the Department of Public Safety shall not assess points to the driving record of any licensed or unlicensed person convicted of a violation of this section."

**15.** Title 47 O.S. Supp.1995 § 11–1112(G), see note 14, supra.

**16.** Title 47 O.S. Supp.1995 § 11–1112(C)(4), see note 14, supra.

excused for medical reasons.[17] The fine and court costs for violating this section are limited to $20.00.[18] Inexplicably, the Act does not require that back seat passengers wear seat belts, nor does it distinguish between ages of passengers or make any particular requirements for minors.

██ ¶ 16 However, under this statutory scheme, the duty pressed by the parents does not exist. Title 47 O.S.1991 § 12–413[19]

requires seat belts for the front right and left seats. Title 47 O.S.1991 § 12–417[20] does not impose a statutory duty upon the operator of a passenger vehicle to require a minor, back seat passenger to use a seat belt. Consequently, the parents urge us to look at other jurisdictions which have adopted a common law duty to ensure the use of seat belts.[21] We need not consider whether to adopt such a duty, independent of the current statutory scheme, because the strictures of 47 O.S.1991

---

**17.** Title 47 O.S.1991 § 12–417, see note 8, supra.

**18.** Title 47 O.S. Supp.1997 § 12–417(E), see note 8, supra. Although not relevant to our decision, we note that 47 O.S.1991 § 12–418 provides:

"Any person convicted of violating Section 2 of this act shall be punished by a fine of Ten Dollars ($10.00) and shall pay court costs of Fifteen Dollars ($15.00). Provided, the Department of Public Safety shall not assess points to the driving record of any licensed or unlicensed person convicted of a violation of this act."

In 1997, the Legislature amended § 12–417, incorporating the language of § 12–418, but limiting fines and court costs to $20.00. However, § 12–418 has not been repealed.

**19.** Title 47 O.S.1991 § 12–413, see note 12, supra.

**20.** Title 47 O.S.1991 § 12–417, see note 8, supra.

**21.** Most states have some form of statute limiting or prohibiting seat belt evidence. The parents rely on several cases from other jurisdictions in support of their argument that we should determine that the Church owed a common law duty toward their daughter. **These cases are either distinguishable on their facts, are contrary to our holding in *Fields v. Volkswagen of America, Inc.*, 1976 OK 106, 555 P.2d 48, 84 A.L.R.3d 1199, or were determined prior to the enactment of seat belt evidence statutes.**

We note that some courts in other jurisdictions, relying on particular state laws or particular factual circumstances, have found either a duty to ensure that a minor wear a seat belt or that a fact question of negligence exists when a minor passenger fails to use, or is not provided with a seat belt. See, e.g., *Barnes v. Robison*, 712 F.Supp. 873, 877 (D.Kan.1989) [Under Kansas law, evidence of father's failure to secure 2 year-old child in child safety restraint was admissible. Common law duty to protect a child from injury preceded and coexists with statutory duty.]; *Dellapenta v. Dellapenta*, 838 P.2d 1153, 1159 (Wyo.1992) [Seat belt statute inapplicable where injury occurred prior to enactment. Parents have a duty to buckle the seat belts of their minor passengers.]; *Califato v. Gerke*, 258 Mont. 68, 852 P.2d 121, 124 (1993) [Evidence that minor did not have seat belt on at time of acci-

dent because seat belt had been rendered inoperable and was unavailable for use was admissible in negligence action against owner of vehicle. Legislature created statutory duty for drivers and all occupants of vehicles to use seat belts. However, if a driver or occupant chooses not to use a seat belt, that choice is not admissible as evidence of negligence.]; *Rider v. Speaker*, 180 Misc.2d 999, 692 N.Y.S.2d 920, 922–23 (N.Y.Sup.1999) [Babysitter, as custodial passenger who failed to buckle infant in seat belt or child safety seat, could be held liable for damages resulting from injuries suffered by infant entrusted to her care on the basis of negligent supervision.]; *Costello by Hines v. Marchese*, 137 A.D.2d 482, 524 N.Y.S.2d 232, 233 (N.Y.App.Div. 2 1988) [Grandfather's failure to fasten grandchild's seat belt before operating vehicle could be found to be a negligent act.]; *Twohig v. Briner*, 168 Cal.App.3d 1102, 1107, 214 Cal.Rptr. 729, 732 (1985) [Triable issue of fact regarding whether owner/operator breached duty to exercise due care in the safe operation and maintenance of vehicle owed to passenger by removing the seat belts.].

Other courts have refused liability. *Gaertner v. Holcka*, 219 Wis.2d 436, 580 N.W.2d 271, 279 (1998) [Claim for contribution may not be sustained in cases involving a motor vehicle operator's negligence in failing to restrain passengers between 4 and 15 years of age with a seat belt.]; *State Farm Mut. Auto Ins. Co. v. Holland*, 324 N.C. 466, 380 S.E.2d 100, 106 (1989) [Failure of mother to restrain infant daughter in child restraint system in violation of statute was not actionable negligence and was not proximate cause of wrongful death of daughter.]; *Patterson v. Horton*, 84 Wash.App. 531, 929 P.2d 1125, 1129 (1997) [Automobile driver's failure to secure children was not actionable for damages. Statutes which require passengers under the age of 16 to be properly restrained also contain provisions excluding evidence of seat belt law violations to prove civil negligence.]; *Baker v. Keller*, 241 A.D.2d 947, 661 N.Y.S.2d 330, 331 (N.Y.App. Div. 4 1997) [Statute barred parents from alleging driver had been negligent in allowing child to ride in back seat without safety belt.]; *Chaney v. Young*, 122 N.C.App. 260, 468 S.E.2d 837, 839 (1996) [Mother's improper use/misuse of seat belt in securing minor child was tantamount to nonuse and inadmissible.]; *Goldberg v. Nelson*, 202

§ 12–420 [22] are dispositive of the parents' claim against the Church. We are not inclined to craft a common law duty where the Legislature has specifically failed to impose a statutory one. The decision in *Fields* to await the direction of the Legislature was tantamount to indicating that any decision to link the use of a seat belt to a standard of reasonable care should be left to the Legislature. The *Fields* Court essentially invited legislation on the subject of seat belts—and we do so again.

## B.

**Even if the Church were under a statutory or common law duty, 47 O.S.1991 § 12–420[23] precludes the introduction of evidence to support a claim against it.**

¶ 17 The parents argue that: 1) the statute was only intended to apply to prevent the use of a "seat belt defense" of contributory negligence or mitigation of damages, and not to preclude evidence in all civil actions; [24] 2) the statute is inapplicable to their claim because the Act only requires use of seat belts by drivers and front seat passengers; and 3) it does not specifically prevent the admissibility of the use or nonuse of seat belts by back seat passengers. The Church contends that the statute precludes the parents' submission of evidence to support their allegations.

¶ 18 The determination of legislative intent controls statutory interpretation,[25] and it must be ascertained from the whole act based on its general purpose and objective.[26] It is unnecessary to apply the rules of construction if the legislative will is clearly expressed.[27] It is presumed that the Legislature has expressed its intent in a statute and that it intended what it expressed.[28]

A.D.2d, 390, 608 N.Y.S.2d 684, 685 (N.Y.App. Div. 2 1994) [No liability attributable toward father for injuries sustained by infant son while riding in the back of a cargo van which, although properly equipped with required front seat belts, lacked seat belts or seats in the rear.]; *Stewart v. Taylor,* 193 A.D.2d 1078, 598 N.Y.S.2d 627 (N.Y.App.Div. 4 1993) [Statute requiring front seat passenger to use safety belt did not impose a duty on vehicle operator to ensure that 16 year-old passenger was wearing a safety belt.]; *Swelbar v. Lahti,* 473 N.W.2d 77, 79 (Minn.App.1991) [Statute which clearly and unambiguously barred evidence of use or nonuse of seat belts or child restraints in any litigation applied to preclude evidence that child passenger restraint had not been used in wrongful death claim.]; *Hammer v. City of Lafayette,* 502 So.2d 301, 303 (La.Ct.App. 1987) [Mother's duty to take reasonable steps to protect minor child did not encompass the duty to restrain minor child with a seat belt device. Further, the injuries were the effect of the accident, not the cause of it.]; *Hamilton v. Purser,* 162 A.D.2d 91, 563 N.Y.S.2d 163, 164 (N.Y.App. Div. 3 1990) [Expansive language of statute is clear and unambiguous. Statute prohibits proof in support of cause of action predicated, directly or indirectly, upon noncompliance with statute requiring seat belt restraint of back seat passengers under the age of 10.].

22. Title 47 O.S.1991 § 12–420, see note 1, supra.

23. *Id.*

24. The parents insist that if the statute were intended to apply to anything but the use of a "seat belt defense" it would limit evidence of the use or nonuse of seat belts in product liability actions as well. The question of the statute's application to a products liability action is not before us and we need not address it. We note, however, that whether this type of statute applies to product liability claims as well as to breach of contract actions has been litigated in other jurisdictions. See, e.g., *Gardner By and Through Gardner v. Chrysler Corp.,* 89 F.3d 729, 736 (10th Cir.1996) [Under Kansas statute, evidence that seat was equipped with seat belt which passenger did not use was admissible for determining whether overall design of seat assembly was defective.]; *Bridgestone/Firestone, Inc. v. Glyn-Jones,* 878 S.W.2d 132, 135, 48 A.L.R. 5th 787 (Tex.1994) [Statute prohibiting evidence of use or nonuse of seat belt in civil trial was not intended to and does not apply to protect seat belt manufacturer from liability for defective restraint systems.]; *Marsden v. Crawford,* 589 N.W.2d 804, 807 (Minn.App.1999) [Seat belt gag rule precluded presentation of evidence in support of mother's breach of contract action against daycare provider for failing to use child restraint.].

25. *Rout v. Crescent Public Works Authority,* 1994 OK 85, ¶ 10, 878 P.2d 1045; *Smicklas v. Spitz,* 1992 OK 145, ¶ 8, 846 P.2d 362; *Clifton v. Clifton,* 1990 OK 88, ¶ 7, 801 P.2d 693.

26. *Rout v. Crescent Public Works Authority,* see note 25, supra; *Oglesby v. Liberty Mut. Ins. Co.,* 1992 OK 61, ¶ 8, 832 P.2d 834; *Smicklas v. Spitz,* see note 25, supra.

27. *Copeland v. Stone,* 1992 OK 154, ¶ 5, 842 P.2d 754; *State ex rel. Macy v. Freeman,* 1991 OK 59, ¶ 8, 814 P.2d 147.

28. *Minie v. Hudson,* 1997 OK 26, ¶ 7, 934 P.2d 1082; *Fuller v. Odom,* 1987 OK 64, ¶ 5, 741 P.2d 449; *Darnell v. Chrysler Corp.,* 1984 OK 57, ¶ 5, 687 P.2d 132.

The Legislature is not presumed to have done a vain or useless act in the promulgation of a statute.[29]

▮▮▮▮▮▮▮ ¶ 19 The statute provides that: "Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma." [30] The Legislature in clear, explicit, and mandatory language prohibits the introduction of seat belt evidence in any civil lawsuit.[31] The Legislature could have mandated the use of seat belts by all passengers, or made particular requirements with regard to minor passengers [32] other than child safety restraint requirements. It could have overruled *Fields v. Volkswagen of America, Inc.*, 1976 OK 106, 555 P.2d 48, 84 A.L.R.3d 1199, and established a basis for a negligence action. Instead, it added 47 O.S.1991 § 12–420,[33] prohibiting seat belt evidence in civil actions.

Unlike other states with broader statutes, § 12–420 is tightly drafted. It leaves no room for statutory construction.[34] If the statute were applicable only to the operator and front seat passenger, the phrase "and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma" would be surplusage.[35] Limiting its application to the operator and front seat passenger only would lead to an absurd result—the operator and front seat passenger who violated the statutory requirements to wear seat belts would be protected from negligence, while those who are under no specific statutory obligation to wear seat belts would be exposed.[36]

## CONCLUSION

▮▮▮▮ ¶ 20 Clearly, 47 O.S.1991 § 12–420 [37] directs that evidence of the nonuse of a

**29.** *Bryant v. Com'r of Dept. of Public Safety*, 1996 OK 134, ¶ 11, 937 P.2d 496; *Rodgers v. Higgins*, 1993 OK 45, ¶ 19, 871 P.2d 398; *Cooper v. Dix*, 1989 OK 55, ¶ 4, 771 P.2d 614.

**30.** Title 47 O.S.1991 § 12–420, see note 1, supra.

**31.** Title 47 O.S.1991 § 12–420, see note 1, supra. The parents reference to the Journal of the Senate, First Regular Session of the Fortieth Legislature of Oklahoma 1985, in which it appears that two proposed amendments to the statute were considered are not helpful here. One of the amendments proposed that the failure to wear seat belts could not be used "as grounds for or in defense of any civil liability action," while the other stated that the Act could not be used "to determine negligence or contributory negligence in any civil or criminal suit." Ultimately, the version that was adopted used much broader language. 47 O.S.1991 § 12–420, see note 1, supra.

**32.** For instance, other states have made general requirements, with some exceptions, that the driver of a passenger vehicle must ensure that persons between 4 and 8, 4 and 16, 4 and 18, or under the age of 13 wear seat belts. See, e.g, Miss.Code Ann. § 63–2–1 (Supp.1998) [Persons between 4 and 8 required to wear seat belt]; La.Rev.Stat. Ann. § 32:295 (Supp.1997) [Persons under the age of 13 required to wear seat belt or age/size appropriate child safety restraint.]; Mich. Stat. Ann. § 257.710e (Supp.1991) [Persons between 4 and 16 required to wear seat belt.]; Va.Code Ann. § 46.2–1095 (Supp.1997) [Persons between 4 and 16 required to wear seat belt.]; Me.Rev.Stat. Ann. tit. 29–A § 2081 (Supp.1997) [Persons between 4 and 18 required to wear seat belt.]; Montana requires, unless all

of the seat belts are being used by other occupants, that each occupant of a designated seating position wear a seat belt. Mont.Code Ann. § 61–13–103 (1987).

**33.** Title 47 O.S.1991 § 12–420, see note 1, supra.

**34.** The language in 47 O.S.1991 § 12–420, see note 1, supra, is very broad. Likewise, Oklahoma's statute regarding child safety restraints, 47 O.S. Supp.1995 § 11–1112(E) provides that "[a] violation of the provisions of this section shall not be admissible as evidence in any civil action or proceeding for damages." Other states have enacted similar statutes, but the majority provide explicit limitations or circumstances in which seat belt evidence may or may not be admitted.

**35.** Title 47 O.S.1991 § 12–420, see note 1, supra. Statutes must be read to render every part operative and to avoid rendering it superfluous or useless. *Bryant v. Com'r of Dept. of Public Safety*, see note 29, supra; *Medina v. State*, 1993 OK 121 ¶ 10, n. 10, 871 P.2d 1379; *Moore v. Hayes*, 1987 OK 82, ¶ 7, 744 P.2d 934.

**36.** *Nicola v. Nicola*, 449 Pa.Super. 293, 673 A.2d 950, 951 (1996) [Doctrine of ejusdem generis inapplicable. Statute prohibiting evidence of nonuse of seat belt also applies to rear seat passenger.]; But see, *Purvis v. Virgil Barber Contractor, Inc.*, 205 Ga.App. 13, 421 S.E.2d 303 (1992) [Summarily affirming trial court's determination that seat belt statute, by its terms, applied only to front seat passengers.].

**37.** Title 47 O.S.1991 § 12–420, see note 1, supra.

seat belt shall not be presented in any civil action. The statute removes from consideration the use or nonuse of seat belts.[38] We do not dispute the efficiency of seat belts in preventing injuries, or that seat belts, properly installed and properly worn, offer protection to the vehicle's occupants to prevent or limit injuries. Nevertheless, no court has the power to act as a super-legislature by rewriting legislative enactments to conform with its views of public policy.[39] The imposition of the duty as urged by the parents is an act more appropriately performed by the Legislature.[40]

**AFFIRMED.**

SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, OPALA, and KAUGER, JJ., concur.

WATT, J., concurring specially.

HODGES, J., not participating.

WATT, J., concurring specially:

I concur in today's pronouncement by the majority *only* because the law as applied to these facts compel me to. "The Act", 47 O.S.1991 § 12–416 et seq., as written does not mandate seatbelt use by all occupants of a vehicle and is therefore a misnomer. Seat belt use is no longer in its infancy. Seat belts save lives.

Today we restrain the Comers because the Legislature has restrained us.

It is the "Marie Comers" on our roadways today that need to be restrained, not surviving families nor the courts, and it is for that reason that I write separately.

I applaud the majority's renewed call to the Legislature to right this wrong.

**38.** *Id.* See, *Lind v. Slowinski,* 450 N.W.2d 353, 358 (Minn.Ct.App.1990) [Evidence that seating position contributed to and caused injuries properly excluded from jury consideration pursuant to statute prohibiting admissibility of use or failure to use seat belt.].

**39.** *City of Hugo v. State ex rel Public Employee Relations Bd.,* 1994 OK 134, ¶ 23, 886 P.2d 485; *Toxic Waste Impact Group, Inc., v. Leavitt,* 1988 OK 20, ¶ 10, 755 P.2d 626.

**40.** *In re Initiative Petition No. 360,* 1994 OK 97, ¶ 2, 879 P.2d 810 [Courts do not generally concern themselves with wisdom or expediency of the law, but only with its legality.]; *Blackwell Zinc Co., Inc. v. Parker,* 1965 OK 100, ¶ 11, 406 P.2d 965 [Courts do not concern themselves with the merits, wisdom or advisability of legislative enactment but only with their meaning and validity.].