673 A.2d 950

**Betty K. NICOLA, Appellant,**

**v.**

**Carl R. NICOLA, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1995.

Filed March 20, 1996.

Mark A. Rowan, Markleysburg, for appellant.

William M. Radcliffe, Uniontown, for appellee.

Before DEL SOLE, BECK and JOHNSON, JJ.

DEL SOLE, Judge:

Following the receipt of certain Stipulations agreed to by the parties, a non-jury trial was held and the court entered a defense verdict. Post trial motions were filed and denied and Judgment was entered, from which this appeal was taken. The sole matter before the trial court, and the issue which concerns us on appeal, is whether evidence of non-use of an available seat belt by a rear seat passenger is admissible in a civil matter. The trial court found that such evidence is admissible and accordingly ruled in favor of the defendant. We conclude the court erred in this ruling and find it necessary to reverse and remand the matter before us.

In the Stipulation the parties agreed that Plaintiff/Appellant was injured while a back-seat passenger in a vehicle operated by Defendant/Appellee, and that at the time of the accident

she was not using an available lap belt. The parties stipulated that if the court should permit the introduction of evidence as to non-use of the lap belt, an attached expert report would be admissible. In that report the expert opined that had the plaintiff been properly belted in at the time of the accident she would not have sustained any of the injuries complained of in the Complaint. In the alternative, it was agreed that if the court did not permit introduction of the non-use of a seat belt into evidence, the total damages suffered by plaintiff would be $12,000, and that the court should enter a verdict in that amount.

■ Critical to a decision regarding the admissibility of evidence of non-use of a seat belt, is the statutory language of the Vehicle Code found in Section 4581, 75 Pa.C.S.A. § 4581. Entitled "Restraint Systems," Section 4581 requires in its subsections (a)(1) and (a)(2) that, with limited exceptions, children under the age of four must be fastened securely in a child passenger restraint system, and that drivers and front seat occupants of a passenger car must wear a properly adjusted and fastened safety seat belt system. 75 Pa.C.S.A. § 4581(a)(1) and (2). Subsection (e) contains the language which is the subject of dispute in the instant case. It provides:

(e) Civil actions.—In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; *nor shall failure to use a child passenger restraint system or safety seat belt system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in the trial of any civil action; ...*

75 Pa.C.S.A. § 4581(e), (emphasis added).

■ The trial court apparently accepted the argument advanced by Appellee in this case, that the third clause of subsection (e), underlined above, operates to preclude the introduction of evidence of non-use of a restraint system to

only two classes of people, front seat occupants and children under the age of four. Thus, Appellee reasons, the preclusion does not apply to the adult rear seat occupant in this case. Appellee maintains that the reading of the third clause should be limited in such a manner because its "general language" creates an ambiguity. Because of this ambiguity, Appellee argues that the court should apply the doctrine of *ejusdem generis*, under which general expressions in a statute are to be restricted to things and persons specifically enumerated in the language preceding the general expression. *Keranko v. Washington Youth Baseball*, 136 Pa.Commw. 709, 584 A.2d 1082 (1990). Since the preceding provisions of Section 4581 refer only to front seat occupants and children under the age of four, Appellee contends the preclusion should be limited to these two groups.

We cannot accept Appellee's conclusion because it is based upon a false reading of the statute. The terms of the preclusionary provision of subsection (e) are clear. The third clause specifically states that the failure to use a "safety seat belt system" cannot be considered as contributory negligence and cannot be admissible as evidence in a civil action. The term "safety seat belt system" is specifically defined in the Vehicle Code.

> **safety seat belt system.** Any strap, webbing or similar device designed to secure a person in a motor vehicle in order to mitigate the results of any accident, including buckles, fasteners and all installation hardware as specified by Federal Motor Vehicle Standard Safety Standard No. 209 (49 C.F.R. § 571.209).

75 Pa.C.S.A. § 102.

The definition of a "safety seat belt system" is not dependant upon the location of the seat within the vehicle. It applies to rear seat belts, as well as front seat belts. This reading of third clause of subsection (e) becomes all the more apparent when its provisions are read in context of the two clauses which precede it. The first two clauses prevent a violation or alleged violation of the statute to be used as evidence, and prohibits juries from being instructed that any

conduct did constitute or could be considered by them to constitute a violation of the statute. Because the statute directs that drivers and front seat passengers be restrained by a seat belt and children under the age of four be secured in a child passenger restrain system, it is these two circumstances to which the first two clauses apply. The third clause encompasses a different situation since it speaks to the failure to use a safety seat belt system, generally, and directs that such facts cannot be considered as contributory negligence and cannot be used as evidence in the trial of any civil proceeding. The inclusion of this third provision would be unnecessary if the legislature meant to only concern itself with front seat occupants or children under four, since these two groups are addressed in the first two clauses of subsection (e). Such a reading would render the third clause to be mere surplusage. When construing a statute we are to give effect to every word and to presume that the legislature avoided a mere surplus of words. *Habecker v. Nationwide Insurance Company*, 299 Pa.Super. 463, 445 A.2d 1222 (1982). When we do so it is plain that the prohibitions in the third clause are directed to any occupant of a vehicle, regardless of their seating.

■ A reading of the statute in a manner other than we assign would be absurd. Currently under the law, only front seat occupants and children under four are legally required to wear a safety belt device, or to be secured in a restraint system. It would be incongruous to prevent the use of a seat belt defense against those required by statute to use a seat belt or child safety protection system, yet to allow evidence of non-use to come in against one not required by law to be using a restraint system. Such an interpretation would give more protection and more rights to those violating the statutory requirement than those under no specific statutory obligation. We cannot subscribe to a reading which would produce such an unreasonable result. *See Fireman's Fund Ins. Co. v. Nationwide Mut. Ins. Co.*, 317 Pa.Super. 497, 464 A.2d 431 (1983).

Our holding today is further supported by this court's decision in *Grim v. Betz*, 372 Pa.Super. 614, 539 A.2d 1365

(1988). Although the *Grim* court was not presented with the precise question at issue here, regarding evidence of non-use by a rear seat passenger, *Grim* did concern an accident in which injuries were sustained by rear seat passengers, who were over the age of four. In *Grim* suit was filed by parents in their own right, and as natural guardians for their children, who were ages six, seven and eleven when they were riding in the back seat of an automobile when it was struck by a tractor trailer. The defendants sought to amend their pleadings to aver that the use of seat belts or child restraint seats would have prevented or mitigated damages. The court ruled that an amendment to the answer to plead a "seat belt defense" in new matter as comparative negligence would not be allowed. In reference to the 1987 amendments to Section 4581, which included subsection (e), the court stated:

> The import of the amendments is clear; the legislature has decided that a defense of comparative negligence, in the form of a 'seat belt defense', premised on either the failure of an adult to employ a seat belt for his own protection, or on the failure of an adult to protect his minor children with seat belts, will not be available in any civil action in this Commonwealth. Section (E) of § 4581 clearly states that the failure to use a 'child passenger restraint system' or 'safety seat belt system' shall not be considered, in any civil action, as contributory negligence, and shall not be admissible as evidence in any civil action. Moreover, the legislature has provided a definition of 'safety seat belt system' which includes all known forms of mechanical restraint available, in order to preclude any misconstruction of its intent.

*Grim v. Betz*, 372 Pa.Super. at 622–623, 539 A.2d at 1369. For these same reasons we conclude that a "seat belt defense" is not available in this case.

Appellee suggests that the decision in *McKee v. Southeast Delco School District*, 354 Pa.Super. 433, 512 A.2d 28 (1986), should direct us differently. The reliance in *McKee*, however is misplaced. The accident which injured a six year old child and gave rise to the claim in *McKee* occurred in 1978, and the

decision in *McKee* was rendered in 1986. The provision at issue in 75 Pa.C.S.A. § 4581(e) was not enacted until November of 1987. Therefore the matter we address in this case, concerning the failure to use a safety seat belt system and the dictates of § 4581(e), was not considered or discussed in the *McKee* decision. Accordingly, *McKee* has no impact on our ruling today.

Judgment vacated. Case remanded to trial court for entry of Judgment in accordance with the parties' Stipulation. Jurisdiction relinquished.