Ana Ilsen **CARRASQUILLA** and Olga Lucia Laprade, as Co–Administratrices of the Estate of Argenix Suarez, deceased; Marco Carrasquilla; and Ana Ilsen Carrasquilla, Plaintiffs,

v.

**MAZDA MOTOR CORP.**, a/k/a Mazda Motors Corp,; Mazda (North America), Inc.; and Mazda Motor of America, Inc., Defendants,

v.

Mark Thompson, Third–Party Defendant.

No. 4:CV–96–2240.

United States District Court, M.D. Pennsylvania.

Sept. 25, 2001.

Clifford A. Rieders, John M. Humphrey, Pamela L. Shipman, Rieders Travis Humphrey Harris Waters & Waffenschmidt, Williamsport, PA, for plaintiffs.

Joseph E. O'Neil, Francis J. Grey, Jennifer M. Brooks, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, Philadelphia, PA, for defendants.

### MEMORANDUM (# 2)

McCLURE, District Judge.

### BACKGROUND:

Plaintiffs initiated this diversity action pursuant to 18 U.S.C. § 1332 with the filing of a complaint alleging various state-law claims arising from a motor vehicle accident. Succinctly stated, plaintiffs allege that the Mazda Protégé manufactured and/or marketed by defendants was not designed to protect sufficiently the passengers should an accident occur.

Defendants have filed a motion *in limine* to permit evidence related to the availability and lack of use of manual safety belts.

For the reasons that follow, defendants' motion will be denied.

### DISCUSSION:

### I. BRIEF STATEMENT OF RELEVANT FACTS

The facts pertinent to the instant motion and recited herein have been adopted from Defendants' Brief in Support of Motion to Permit Evidence Related to the Availability and Lack of Use of Manual Safety Belts.

Plaintiffs allege that the 1994 Mazda Protégé at issue was not crashworthy, thereby causing or enhancing their injuries in a two-vehicle collision that occurred on December 31, 1994. Plaintiffs contend that numerous components in the 1994 Protégé were defective. In particular, plaintiffs allege that the front seat restraint system, consisting of a two-point passive shoulder belt and manual lap belt, was defective.[1]

At the time of the accident, the front seat occupants of the Protégé, plaintiffs Marco Carrasquilla and Argenix Suarez, were not wearing their manual lap belts. The rear-seat occupant, Ana Carrasquilla, was not wearing the available manual lap and shoulder belt.

### II. DEFENDANT'S MOTION

In their motion *in limine*, defendants contend that Pennsylvania's Occupant Protection Act, 75 Pa.Con.Stat.Ann. § 4581, which excludes the introduction of non-use of a seat belt in a civil action, is "inapplica-

---

1. By memorandum and order (# 1) dated September 25, 2001, this claim was found to be preempted by *Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000).

ble to crashworthiness actions where seat belt evidence is necessary to defend against allegations of defects in the design of the restraint system." Specifically, defendants contend that because plaintiffs allege that the injuries to Marco Carrasquilla and Argenix Suarez were enhanced due to a defective restraint system, defendants must be permitted to present evidence of the availability and lack of use of manual lap belts by Marco and Argenix in order to prove that the restraint system was not defective. Defendants also wish to admit evidence—for causation purposes—that Ana Carrasquilla, as the rear seat passenger, was not wearing her seat belt at the time of the accident, and that it was the force of her unrestrained body against the front passenger seat back that enhanced the injuries of Argenix Suarez. Finally, defendants argue that a literal reading of 75 Pa.Cons.Stat.Ann. § 4581(e) "would deprive [defendants] of their right to due process of law."

Plaintiffs, on the other hand, argue that application of Pennsylvania's Occupant Protection Act requires the exclusion of evidence related to plaintiffs' and decedent's failure to use the manual lap belts and or seat belt system for the rear seat passenger. Additionally, plaintiffs contend that the court "should also exclude references to the *existence* of a manual lap belt because allowing such evidence will only serve to undermine any attempt to keep from the jury the failure of the [p]laintiffs to wear those lap belts."

We address each argument, in turn, below.

### 1. Pennsylvania's Occupant Protection Act

■ Preliminarily, we note that a federal court sitting with diversity jurisdiction applies the law of the state whose law governs the action, *Greater New York Mut. Ins. Co. v. North River Ins. Co.*, 85 F.3d 1088, 1091 (3d Cir.1996), which generally is the law of the forum state. *Clark v. Modern Group Ltd.*, 9 F.3d 321, 326 (3d Cir.1993). Here, Pennsylvania law governs.

The Occupant Protection Act, found in Pennsylvania's Vehicle Code, provides in relevant part:

> (a)(2) [E]ach driver and front seat occupant of a passenger car ... operated in this Commonwealth shall wear a properly adjusted and fastened safety seat belt system.
>
> ...
>
> (e) In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; ... *nor shall failure to use a ... safety seat belt system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in the trial of any civil action.*

75 Pa.Cons.Stat.Ann. § 4581(a), (e) (emphasis added). This provision prevents a violation of the statute—*i.e.*, failure to wear "a properly adjusted and fastened seat belt system," 75 Pa.Cons.Stat.Ann. § 4581(a)(2)—"to be used as evidence, and prohibits juries from being instructed that any conduct did constitute or could be considered by them to constitute a violation of the statute." *Nicola v. Nicola*, 449 Pa.Super. 293, 673 A.2d 950, 951 (1996). The prohibitions under subsection (e) stated above, "are directed to any occupant of a vehicle, regardless of their seating." *Id.* This means that the statute applies to both front and rear seat passengers. *Id.*

Defendants contend that, notwithstanding the language of § 4581, it would be "unsound" for the defendants to be precluded from asserting the seat belt defense—encompassing the argument that, at the time of the accident, both Marco

Carrasquilla and Argenix Suarez failed to use the Protégé's manual lap belt and Ana Carrasquilla was unbelted—in the context of plaintiffs' crashworthiness claim. In support thereof, defendants submit that courts of other jurisdictions have found evidence of plaintiffs' non-use of a seat belt admissible in crashworthiness cases. The court, however, finds unpersuasive the cases cited by defendants.

For example, the court finds unpersuasive defendants' reliance on the following: *DePaepe v. General Motors Corp.*, 33 F.3d 737 (7th Cir.1994) (finding seat belt evidence admissible for limited purpose to show that vehicle at issue was equipped with functional restraint system); *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195 (7th Cir.1992) (finding North Carolina statute making evidence of failure to use seat belt inadmissible inapplicable to defendant manufacturer's evidence that vehicle was equipped with seat belts, offered to show that manufacturer had been reasonable in deciding not to make sunroof out of laminated glass); *LaHue v. General Motors Corp.*, 716 F.Supp. 407 (W.D.Mo. 1989) (holding that plain meaning of state statute specifying sorts of cases in which evidence of failure to use seat belts is inadmissible compelled conclusion that statute was not intended to apply to products liability case as that type of case was not specified in statute); and *Wilson v. Volkswagen of Am., Inc.*, 445 F.Supp. 1368 (E.D.Va.1978) (holding that evidence of plaintiff's failure to wear seat belt could be considered for purposes of mitigation of damages).[2]

■ Given the plain language of § 4581, its literal meaning will be applied. Accordingly, we hold that evidence pertaining to the failure of Marco Carrasquilla and Argenix Suarez to utilize the manual lap belt available in the Mazda Protégé at issue must be excluded. Additionally, given the holding in *Nicola*, 449 Pa.Super. 293, 673 A.2d 950, defendants may not introduce evidence of the failure of the rear seat passenger, Ana Carrasquilla, to wear her seat belt.

Defendants next contend that evidence of the existence of a manual lap belt in the Protégé is necessary to an adequate defense of their product, stating: "Plaintiffs cannot attack the design of the restraint system under a crashworthiness theory without permitting the Mazda defendants to present evidence of the *entire* system."

Notably, defendants' contention is deemed moot, given the court's memorandum and order # 1, dated September 25, 2001, ruling on defendants' motion for summary judgment (record doc. no. 446). There, we found plaintiffs' defective design claim regarding the Protégé's lack of an integrated automatic lap belt preempted by *Geier*, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914, as it specifically challenged one of the restraint system options provided to defendants under Federal Motor Vehicle Safety Standard 208 and thus presented an actual conflict with federal law. Since plaintiffs cannot pursue this claim, it is unnecessary for defendants to present manual lap belt evidence in defense of a now non-existent allegation of a defect in the design of the Protégé's restraint system.

Given the court's ruling on defendants' motion for summary judgment, plaintiffs are unable to present a design defect claim pertaining to the restraint system utilized by defendants, but are able to pursue defective design claims pertaining to the al-

---

2. Notably, this case has been superseded by a Virginia statute that forbids evidence of nonuse of seat beats in a motor vehicle with respect to both liability and damages. *See* Va.Code § 46.2-1094(E).

legedly inadequate seat back, seat track mechanism and knee bolsters. The court finds evidence of the existence of manual seat belts irrelevant to those claims, and will preclude the evidence under Fed. R.Evid. 402.[3] Indeed, we believe that defendants will adequately be able to defend plaintiffs' remaining claims and, likewise, plaintiffs will be able to outline those claims, without any specific reference to the existence of the manual lap belts.

Moreover, public policy concerns and Fed.R.Evid. 403 provide additional bases for the exclusion of evidence that the Protégé was equipped with manual lap belts. Specifically, in this case, "[h]earing evidence on the existence of [manual lap belts]", along with evidence of the severity of the injuries suffered by plaintiffs and decedent and the alleged design defects pertaining to the seat back, seat track mechanism and knee bolster; "would almost certainly lead the jury to the unspoken conclusion that [Marco Carrasquilla and Argenix Suarez] w[ere] not wearing [their manual lap belts]." *Russo v. Mazda Motor Corp.*, Civ. A. No. 89–7995, 1992 WL 210232, at *2 (E.D.Pa. Aug. 17, 1992). Because the Pennsylvania legislature, in enacting § 4581(e), "has expressed a strong public policy concern that evidence of the failure to use a seat belt not be introduced against a plaintiff in a civil action," *see id.*, "[a]llowing defendant[s] to introduce evidence of the existence of the [manual lap belts] implicates this important public policy concern." *Id.* "Given the dictates of 75 [Pa.Cons.Stat.Ann.] § 4581(e), the probative value of evidence of the existence of the seat belt system would be substantially outweighed by the danger of unfair prejudice to [p]laintiff[s],

confusion of the issues, and misleading the jury." *Id.*

Accordingly, there is adequate basis to exclude evidence of the existence of the manual lap belts available in the 1994 Protégé.

It is unnecessary for the court to credit plaintiffs' statement that they will not pursue their failure to warn claim, "involving the contention that the instructions and warnings did not adequately explain the importance of the lap belt in minimizing the danger to the front seat passengers," given the courts' September 25, 2001 order (# 1) ruling on defendants' summary judgment motion, finding that precise claim preempted.

## 2. Due Process

Defendants argue that a literal application of § 4581(e) to this crashworthiness case will deprive them of their right to due process of law. Defendants claim that § 4581(e) violates their due process rights by precluding evidence necessary for them to proceed with "a fair jury trial." Specifically, defendants contend that precluding evidence of the existence of manual lap belts and evidence of seat belt non-use prevents them from proving that the vehicle was crashworthy.

As discussed above, plaintiffs are no longer able to pursue their claim that there was a design defect with the restraint system in the Protégé given the holding in *Geier* and the court's subsequent ruling on defendants' summary judgment motion. Instead, plaintiffs are pursuing design defect claims relating to the lack of adequate seat back, seat track mechanism and knee bolsters. Therefore, evidence of seat belt non-use and the existence of manual lap belts is irrelevant to a

---

**3.** Fed.R.Evid. 402 provides in pertinent part: "Evidence which is not relevant is not admissible."

decision on liability for the remaining design defects asserted by plaintiffs. *See Kelly v. Ford Motor Co.*, No. Civ.A. 94–2579, 1996 WL 639832, at *7 (E.D.Pa. Oct.29, 1996). To the extent that plaintiffs' design defect claim pertaining to the allegedly inadequate seat back of Argenix Suarez's seat asserts that it was defective in that it was not "strong enough to withstand impact of [a] back seat passenger," the court agrees with plaintiffs that "[t]he fact that Ana's unrestrained body impacted the rear of the front passenger's seat back and may or may not have affected the injury mechanisms operating on Argenix Suarez [sic] can be presented to the jury without any mention of the existence of the seat belt." Similarly, any arguments can be made without reference by either party to the existence of manual lap belts and the lack of use of those belts by Marco Carrasquilla and Argenix Suarez.

Defendants also apply a rational basis analysis to their challenge to § 4581(e), baldly asserting that "[t]here is no legitimate governmental interest in restricting the right of a litigant to defend a civil action." Defendants base their challenge almost entirely on their claim that, "[i]n any crashworthiness case, and particularly in one where the claimed defect is in the design of the occupant restraint system, exclusion of evidence of that system's various components carries out no legitimate governmental interest."

Defendants are correct to apply a rational basis standard of review to their due process challenge. *See Kelly v. Ford Motor Co.*, 1996 WL 639832, at *4. ("Having found that neither a fundamental nor important right is implicated by the evidentiary preclusion in § 4581(e), a rational basis standard of review is applicable for a due process analysis."). The court too, will engage in such analysis. In so doing, we find that defendants are incorrect to

conclude that § 4581(e) does not further a legitimate state interest.

Pennsylvania courts employ a two-step approach under a rational basis test. *Id.* at *5. "In order to pass constitutional muster the challenged statute must: first, further any legitimate state interest or public value; and second, reasonably relate to accomplish the articulated state interest or public value." *Id.* (citing *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265, 269 (1995); *Commonwealth v. Burnsworth*, 543 Pa. 18, 669 A.2d 883, 889 (1995); *Plowman v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124, 127 (1993)) (further citation omitted).

The court in *Kelly* held that § 4581(e) passed constitutional muster under a rational basis review, finding that the Pennsylvania "legislature's concomitant goals of promoting safety through seat belt use and not denying recovery for injured plaintiffs … § 4581(e) bear[s] a reasonable relationship to the legislative purpose of the statute as a whole." *Id.* at *6. Specifically, the court found that:

> Taken as a whole § 4581 represents a legislative balance between the imposition of a seat belt mandate and permitting recovery for victims. When it mandated seat belt compliance, the Pennsylvania legislature clearly sought to protect drivers and passengers travelling [sic] along Pennsylvania roads and highways. However, the legislature understood that this protection should not end upon noncompliance. [footnote omitted]. The evidentiary preclusion in subsection (e) of seat belt non-use further protects drivers and passengers, by allowing them to seek recovery unimpeded by the seat belt defense when they are injured in an accident. A rational policy would be that noncompliance with the seat belt warrants punishment through fines, but not the harsh

result of denying or severely limiting an injured plaintiff's recovery. [footnote omitted].

An additional rational basis for the legislation is grounded in the concepts behind Federal Rule of Evidence 403. In many cases, evidence of seat belt non-use would be unfairly prejudicial and therefore outweigh any probative value it may have. The admission of such evidence would complicate factual issues for the trial judge and the jury since the issue of whether the failure to use the restraint caused or contributed injury or death is always problematic and the proofs often weak or confusing. The Pennsylvania legislature could rationally have recognized this potential prejudice when it enacted subsection (e) along side the seat belt mandate.

*Id.* at \*5.

■ For the reasons stated in *Kelly*, we, too, find that § 4581(e) passes constitutional muster under a rational basis review.

Accordingly, we do not find that § 4581(e) violates defendants' right to due process.

### III. CONCLUSION

Based on the foregoing, defendants' motion *in limine* to permit evidence related to the availability and lack of use of manual safety belts will be denied.