J-S28030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LORI LUCYKANISH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FLURER | : | No. 541 EDA 2024 |

Appeal from the Order Entered February 1, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2545-CV-2022

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 30, 2024**

Lori Lucykanish (Appellant) appeals from the order granting summary judgment in favor of Robert Flurer (Defendant), and dismissing Appellant's complaint, in this negligence action.  Appellant challenges, *inter alia*, the trial court's failure to exclude evidence that she was not wearing a seat belt at the time of her injury, pursuant to 75 Pa.C.S.A. § 4581(e).[1]  Upon careful

_____

[1] Section 4581 of the Motor Vehicle Code (MVC) governs vehicle restraint systems, and provides in Subsection (e):

> In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action….  [N]or shall failure to use a … safety seat belt system be considered as contributory negligence **nor shall failure to use such a system be admissible as evidence in the trial of any civil action**….

75 Pa.C.S.A. § 4581(e) (emphasis added).  We hereinafter refer to the emphasized language in Subsection 4581(e) as "the highlighted language."

consideration, we are compelled to reverse and remand for further proceedings.

The trial court recited the relevant facts in its opinion:

During the evening of May 7, 2021, [Appellant] occupied the right, rear passenger seat of a 2017 Ford pick-up truck driven by Defendant [(the vehicle or Defendant's vehicle)] and owned by Defendant's [business,] R.P. [Flurer] Excavating, Inc. Two other passengers, Heidi George [(Heidi)] and Shawn George [(Shawn),] were in the left, rear passenger seat, and the front, right passenger seat, respectively. Defendant was driving the vehicle in the left Eastbound lane of I-78[,] in the vicinity of the border between the Berks and Lehigh County line. At some point[,] Heidi [] dropped her cellphone on the floor of the rear foot well. Unable to locate the phone, [Appellant] removed her seatbelt and began crawling around the rear passenger foot well [to assist Heidi]. At the same time, an unidentified vehicle attempted to pass Defendant's vehicle on the right and cut back into the left lane. Defendant applied the vehicle's brakes to avoid striking [the] car in front of him. [Appellant] struck her head on the center console and … alleg[ed she suffered] various injuries.[2]

Trial Court Opinion, 2/1/24, at 1-2 (footnote added).

Appellant filed a complaint on April 26, 2022, pleading a single count of negligence. Appellant claimed Defendant was negligent, *inter alia*, for (a) "operating [the] vehicle in excess of the posted speed limit"; (b) "failing to maintain proper and adequate control of [the] vehicle under the circumstances"; and (c) "applying the [vehicle's] brakes without adequate

_____

[2] No other occupant of the vehicle alleged any injuries. The vehicle did not collide with any other vehicle or object.

reason and justification[.]" Complaint, 4/26/22, ¶ 6(a), (d) and (f) (some capitalization modified).

Defendant filed an answer and new matter on May 25, 2022. In new matter, Defendant claimed, *inter alia*, "[Appellant's] injuries were caused by her own contributory negligence, and/or intervening causes, thus relieving the Defendant of any liability…." Answer and New Matter, 5/25/22, ¶ 27.

The parties subsequently engaged in discovery, including depositions of Defendant, Appellant, Heidi and Shawn. The trial court summarized the deposition testimony in its opinion:

> Defendant testified that at the time of the incident[,] a second vehicle had passed him on the right and was attempting to re-enter the left lane to avoid a line of trucks further up the road. Depo. of [Defendant], 1/5/2023, pp. 42:2-20, 45:3-9. The unknown vehicle was driving faster than Defendant. [*Id.* at] p. 47:8-11. When the other car was slightly in front of him and appeared to be ready to switch into the left lane, Defendant hit the brakes in order to avoid a collision or being run off the road. [*Id.* at] pp. 50:1-4, 50:15-20. Defendant allegedly said "oh shit" as he did so, indicating an emergency response. Depo. of Heidi [], 12/13/2023, p. 19:12-24. Defendant believed the other driver would cut him off if [Defendant] did not slow down. Depo. of [Defendant], 1/5/2023, p. 51:7-9. Shawn [] believed that Defendant may have swerved a bit to avoid a collision…. Depo. of Shawn [], [12/13/22,] p. 34:1-13.

Trial Court Opinion, 2/1/24, at 3.

The trial court further summarized the deposition testimony with respect to the vehicle's speed and the posted speed limit:

> Defendant[] testi[fied] that the incident occurred somewhere between the Hamburg and Allentown exits on I-78…. Depo. of [Defendant], 1/5/2023, p. 26:5-8. [Appellant] alleges that at the time, this area of I-78 was an active construction zone with a

speed limit of 55 miles per hour [(mph)]…. [*See*, *e.g.*, Appellant's Answer to Motion for Summary Judgment, 11/7/23, ¶¶ 16-17.] Defendant testified that he had set [the vehicle's] cruise control [to] between 65-70 m[ph shortly prior to the incident]. [*Id.* at] p. 34:19-22. Defendant believed that this was the speed limit in the area they were in. [*Id.* at] p. 34:15-22.

Trial Court Opinion, 2/1/24, at 5 (footnote omitted).

Defendant filed his motion for summary judgment on October 31, 2023. Defendant claimed he "reasonably applied his brake due to circumstances surrounding the operation of the vehicle." Motion for Summary Judgment, 10/31/23, ¶ 12. According to Defendant, there was no genuine issue of material fact that he did not owe or breach a duty of care[3] to Appellant:

No one can attribute any act or failure to act in accord with the Pennsylvania M[VC] to an act of negligence of Defendant. It appears that [Appellant's] only contention for negligence of Defendant[] is how [Defendant] applied his brake on the truck. How one drives their vehicle and how they apply the brake, is not an act of negligence.

*Id.* ¶¶ 33-35 (paragraph numbering and breaks omitted). Defendant further claimed it was "not foreseeable that [Appellant] would have removed her

---

[3] To establish a *prima facie* case in a negligence action sufficient to withstand a motion for summary judgment, a plaintiff must establish "(1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." ***Massaro v. McDonald's Corp.***, 280 A.3d 1028, 1035-36 (Pa. Super. 2022) (citations omitted); ***see also Merlini ex rel. Merlini v. Gallitzin Water Auth.***, 980 A.2d 502, 506 (Pa. 2009) ("Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." (citation omitted)).

seatbelt and sat on the floor to look for a missing cell phone while Defendant was driving on a highway." *Id.* ¶ 40.

Appellant filed an answer in opposition to summary judgment on November 7, 2023. Appellant claimed that Defendant was negligent *per se*, where he was exceeding the posted speed limit (55 mph),[4] in a construction zone, when the incident occurred. Answer to Motion for Summary Judgment, 11/7/23, ¶¶ 16-19. Appellant emphasized the deposition testimony of Defendant that, shortly before the incident, Defendant had set the vehicle's cruise control to approximately 65-70 mph. *Id.* ¶¶ 8, 18 (citing Depo. of Defendant, 1/5/23, at 32, 34). Appellant cited sections of the MVC that, she claimed, Defendant violated. *Id.* ¶¶ 17-18 (citing 75 Pa.C.S.A. §§ 3362, 3365(c.1)).[5] Appellant asserted Defendant violated his duty of care to Appellant and the vehicle's other passengers, "by traveling through a construction zone with his speed control set 15-20 mph higher than the posted speed limit…." *Id.* ¶ 22. Finally, Appellant claimed, "Pennsylvania does not permit defendants to use the seat belt defense to deny liability or limit liability.

---

[4] "It is well-settled that a violation of a provision of the M[VC] constitutes negligence *per se*." *Drew v. Work*, 95 A.3d 324, 338 (Pa. Super. 2014).

[5] Section 3362 provides "no person shall drive a vehicle at a speed in excess of the" posted speed limit. 75 Pa.C.S.A. § 3362(a). Section 3365(c.1) governs traffic in active work zones, and provides, in relevant part: "When passing through an active work zone, no person shall drive a vehicle at a speed greater than the posted limit." *Id.* § 3365(c.1).

… 75 Pa.C.S.A. § 458[1]." Brief in Opposition to Motion for Summary Judgment, 12/28/23, at 13 (citation modified).

By an order and opinion filed February 1, 2024, the trial court granted summary judgment in favor of Defendant and dismissed Appellant's complaint.[6] The trial court reasoned that summary judgment was appropriate because Defendant owed Appellant no duty of care:

> As Defendant correctly argues, there is no regulation on the subjective force that is appropriate in braking [a motor vehicle]. The [MVC] … does not include a subsection on excessive braking. It is fair to assume that the proper force to be applied to one's brakes is whatever is necessary to avoid a collision. Defendant and Shawn [] both testified that a vehicle was improperly trying to pass [Defendant's vehicle] on the right and then attempted to cut back into the left lane. Whatever amount of braking was applied, Defendant's actions were taken to protect the entire vehicle from a potentially serious motor vehicle accident. The fact that [Appellant] may have injured herself in the process while on the floor of the vehicle and **unrestrained**, does not impute negligence on Defendant when an urgent situation requires he hit the brakes.

Trial Court Opinion, 2/1/24, at 4 (emphasis added).

The trial court continued:

> By [Appellant's] own argument, Defendant's alleged negligence was the result of his braking, whether it was too hard or that he should have begun to do so earlier. … [T]he force with which one brakes is not grounds for a finding of negligence. Based upon the undisputed evidence within this case, [**Appellant**] **would not have suffered an injury if she had remained safely in her seat** *with the seatbelt secured*.

_____

[6] The trial court did not conduct an evidentiary hearing in relation to the summary judgment motion.

*Id.* at 6 (emphasis added). Thus, the trial court found: "Assuming[] the [trial c]ourt were to accept that Defendant violated the M[VC, Appellant] has still been unable to prove Defendant's potential speeding was the proximate cause of her injury." *Id.*

Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.[7]

Appellant presents four issues for review:

1. Did the trial court err as a matter of law and/or abuse its discretion by granting summary judgment based, in part, on the fact that [Appellant] unbuckled her seat belt?

2. Did the trial court err as a matter of law and/or abuse its discretion by concluding that there was no genuine issue of material fact as to whether the Defendant braked negligently?

3. Did the trial court err as a matter of law and/or abuse its discretion by usurping the function of the jury and failing to resolve all doubts as to the existence of a genuine issue of material fact in favor of the party opposing summary judgment?

4. Did the trial court err as a matter of law and/or abuse its discretion by failing to recognize that there was a genuine issue of material fact as to whether speeding was a substantial factor in causing [Appellant's] harm?

Appellant's Brief at 5 (issues reordered; some capitalization modified).

"When considering an order granting summary judgment, we may reverse only if there has been an error of law or abuse of discretion." ***Brown***

---

[7] The trial court stated in its Rule 1925(a) opinion that it relied upon its reasoning advanced in connection with the order and opinion granting summary judgment.

*v. Gaydos*, 306 A.3d 883, 887 (Pa. Super. 2023) (*en banc*) (citation and quotation marks omitted).

> [S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party[,] and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. … Because the claim regarding whether there are genuine issues of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Nicolaou v. Martin*, 195 A.3d 880, 891-92 (Pa. 2018) (some citations omitted). "Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment." *Straw v. Fair*, 187 A.3d 966, 982 (Pa. Super. 2018) (citation omitted).

Appellant argues in her first issue the trial court committed an error of law in granting summary judgment for Defendant, where the court improperly considered the fact that Appellant had unbuckled her seatbelt prior to the incident, in contravention of 75 Pa.C.S.A. § 4581(e). *See* Appellant's Brief at 34-38.[8] Appellant points to the highlighted language of Subsection 4581(e), *supra*, and asserts "evidence of the non-use of a seat belt may not be used in any civil action for any purpose." Appellant's Brief at 35; *see also* 75 Pa.C.S.A. § 4581(e) ("[F]ailure to use [] a [safety seat belt] system [is not]

_____

[8] Defendant does not address this issue in his appellate brief.

admissible as evidence in the trial of any civil action….").  Appellant relies on our decision in *Gaudio v. Ford Motor Co.*, 976 A.2d 524 (Pa. Super. 2009). Appellant's Brief at 35.

We agree with Appellant and determine *Gaudio* is controlling.  There, the estate of a decedent who died in a motor vehicle accident filed a strict liability action against the vehicle manufacturer, alleging the airbag of decedent's truck was defective and failed to deploy.  *Gaudio*, 976 A.2d at 530.  Decedent was not wearing his seat belt at the time of the collision.  *Id.* Prior to trial, decedent's estate filed a motion *in limine* "to exclude evidence and argument related to the [] non-use of a seat belt…."[9]  *Id.*  The trial court denied the motion *in limine*.  *Id.*

This Court reversed, holding the trial court erred as a matter of law in not excluding decedent's non-use of a seat belt, as such evidence was expressly prohibited by Subsection 4581(e).  *See id.* at 535-38.

_____

[9] In the instant case, Appellant did not file a pre-trial motion *in limine*. Nevertheless, Appellant preserved her challenge implicating 75 Pa.C.S.A. § 4581(e) in the trial court.  *See* Appellant's Brief in Opposition to Motion for Summary Judgment, 12/28/23, at 13 ("Pennsylvania does not permit defendants to use the seat belt defense to deny liability or limit liability. … 75 Pa.C.S.A. § 458[1]." (citation modified)); Amended Concise Statement, 3/4/24, ¶ 4 (challenging the trial court's "conclusion that [Appellant] assumed the risk and/or was contributorily negligent by removing her seat belt[,] which contravenes 75 Pa.C.S.A. § 4581." (citation modified)).  *Cf.* Pa.R.A.P. 302(a) (claims cannot be raised for the first time on appeal).

The trial court did not address Appellant's claim regarding Subsection 4581(e) in its Pa.R.A.P. 1925(a) opinion.  *See* Trial Court Opinion, 2/21/24 (adopting the trial court's earlier summary judgment opinion).

>    [T]he [highlighted] language in subsection 4581(e) … clearly and unambiguously expresses the intent of the Legislature that **evidence of non-use of seat belts should be strictly prohibited in civil actions tried in Pennsylvania courts, *for any purpose*.** Because the highlighted language neither contains nor references any exceptions to its rule, we construe the legislative intent of the provision to be a **blanket exclusion of evidence of seat belt usage in civil actions for any purpose**, including to prove not only contributory negligence but also defect, causation and/or damages. …
>
>    ….
>
>    In at least three cases, this Court has interpreted the highlighted language in Subsection 4581(e) to preclude the introduction of evidence of seat belt usage. In ***Pulliam v. Fannie***, 850 A.2d 636, 641 (Pa. Super. 2004), *appeal denied,* 583 Pa. 696, 879 A.2d 783 (2005), this Court ruled that "[t]here is no ambiguity in [Subsection 4581(e),] which sets forth an absolute prohibition against the introduction of [] evidence [of seat belt usage,] and thus, we conclude that the court's evidentiary ruling permitting inquiry into the matter was error." [***Id.***] In ***Nicola v. Nicola***, 673 A.2d 950 (Pa. Super. 1996), this Court concluded that the language in Subsection 4581(e) "speaks to the failure to use a safety seat belt system, generally, and directs that such facts cannot be considered contributory negligence *and cannot be used as evidence in the trial of any civil proceeding.*" ***Id.*** at 951 (emphasis added). And in ***Grim v. Betz***, 539 A.2d 1365 (Pa. Super. 1988), we found that "[Subs]ection (e) of § 4581 clearly states that the failure to use a 'child passenger restraint system' or 'safety seat belt system' shall not be considered, in any civil action, as contributory negligence, *and shall not be admissible as evidence in any civil action.*" ***Id.*** at 1369 (emphasis added).

***Gaudio***, 976 A.2d at 536-37 (bold emphasis added; citations and some capitalization modified).

Based on the foregoing, the trial court committed an error of law by failing to exclude Appellant's non-use of a seat belt in accordance with Subsection 4581(e). ***Id.***; ***see also Brown***, 306 A.3d at 887 (we may reverse

an order granting summary judgment if there has been an error of law).  ***Cf. Dranzo v. Winterhalter***, 577 A.2d 1349, 1354-55 (Pa. Super. 1990) (upholding grant of summary judgment for defendant in automobile accident negligence action, where the trial court, pursuant to Subsection 4581(e), properly "granted [plaintiff's] pre-trial motion *in limine* to exclude evidence that [plaintiff] and her daughter were not wearing seat belts."  Further, rejecting defendant's claim that Subsection "4581(e) is an unconstitutional exercise of the legislative police power because it deprives him of due process of law.").  Accordingly, we reverse the order granting summary judgment for Defendant and remand for further proceedings, wherein any evidence of Appellant's non-use of a seat belt is excluded under 75 Pa.C.S.A. § 4581(e).[10]

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judge Lane joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024

_____

[10] Our disposition renders Appellant's remaining issues moot.

- 11 -